# IN THE SUPREME COURT OF IOWA

No. 68 / 06–0256

Filed September 12, 2008

**STATE OF IOWA,**

    Appellee,

**vs.**

**CHRISTOPHER LEON CHRISTOPHER,**

    Appellant.

---

On review from the Iowa Court of Appeals.


Appeal from the Iowa District Court for Polk County, Glenn E. Pille (suppression ruling) and Robert J. Blink (trial), Judges.


Defendant appeals district court decision overruling his motion to suppress. **DECISION OF COURT OF APPEALS AND JUDGMENT OF DISTRICT COURT AFFIRMED.**


Mark C. Smith, State Appellate Defender, and Stephan J. Japuntich, Assistant State Appellate Defender, until withdrawal, and then Benjamin D. Bergmann of Parrish Kruidenier Dunn Boles Gribble Cook Parrish Gentry & Fisher, L.L.P., Des Moines, for appellant.


Thomas J. Miller, Attorney General, Karen Doland, Assistant Attorney General, John P. Sarcone, County Attorney and Celene Gogerty, Assistant County Attorney, for appellee.

**STREIT, Justice**.

An off-duty police officer observed Christopher L. Christopher driving while barred. Five weeks later, the officer arrested Christopher for the offense. The officer did not have a warrant. Drugs were found in Christopher's pockets. The district court denied Christopher's motion to suppress. Because neither the state nor federal constitution requires a warrantless arrest be made with reasonable promptness after an offense is committed in the officer's presence, we affirm.

### I.    Facts and Prior Proceedings.

James Butler, a Des Moines police officer, was driving home on the evening of August 9, 2005 after moonlighting at Wal-Mart. While driving in Des Moines, he saw the car in front of him strike the curb. Butler caught up with the car, pulled up alongside, and recognized Christopher, the driver. Butler yelled through his passenger window and asked Christopher if he was supposed to be driving. Christopher replied he had a driver's license and then drove off. Butler did not follow Christopher nor did he notify the police department of his observations.

The next day, Butler checked Christopher's driving status and learned he was barred from driving. Instead of filing a police report or obtaining an arrest warrant, Butler decided he would simply arrest Christopher the next time he saw him.

Approximately five weeks later, on September 14, Butler was on duty when he saw Christopher sitting on some steps in front of a house in Des Moines. After Butler arrested Christopher for driving while barred, he searched Christopher and found marijuana and crack cocaine in his pants pockets.

Christopher was charged with two counts of possession of a controlled substance, third offense, in violation of Iowa Code section

124.401(5) (2005) and driving while barred as a habitual offender in violation of Iowa Code section 321.561. Christopher filed a motion to suppress the drug evidence. He claimed the evidence was obtained in violation of the United States and Iowa Constitutions. Specifically, he argued Butler's failure to obtain a warrant violated due process and his right to be free from unreasonable searches and seizures. The district court denied Christopher's motion. Thereafter, a jury convicted Christopher on all three counts.

Christopher appealed, claiming the district court erred by not granting his motion to suppress. The court of appeals affirmed. On further review, Christopher claims the court of appeals failed to properly consider his rights under the Fourth Amendment and article 1, section 8 of the Iowa Constitution. We affirm.

## II. Scope of Review.

We review constitutional claims de novo. *State v. Morgan*, 559 N.W.2d 603, 606 (Iowa 1997).

## III. Merits.

The issue before us is whether Butler's search of Christopher's person violated Christopher's constitutional right to be free from unreasonable searches and seizures. *See* U.S. Const. amend. IV; Iowa Const. art. I, § 8. Because the search and seizure clause of the Iowa Constitution is nearly verbatim to the language of the Fourth Amendment, cases interpreting the Fourth Amendment are persuasive—but not binding—on our interpretation of the Iowa Constitution. *State v. Hoskins*, 711 N.W.2d 720, 725 (Iowa 2006). We usually interpret the scope and purpose of the Iowa Constitution's search and seizure provisions to track with federal interpretations of the Fourth Amendment. *State v. Jones*, 666 N.W.2d 142, 145 (Iowa 2003).

We begin with the rule that "[a] search conducted without a valid search warrant is per se unreasonable unless one of the well-known exceptions to the warrant requirement applies." *State v. McGrane*, 733 N.W.2d 671, 676 (Iowa 2007). "Those exceptions include: (1) consent search; (2) search based on probable cause and exigent circumstances; (3) search of items in plain view; and (4) search incident to a lawful arrest." *State v. Naujoks*, 637 N.W.2d 101, 107 (Iowa 2001). The State has the burden of proving by a preponderance of the evidence the applicability of an exception. *Id.* at 107–08. Evidence obtained in violation of the federal and state constitutional provisions against unreasonable searches and seizures "is inadmissible, regardless of its relevancy or probative value." *State v. McCoy*, 692 N.W.2d 6, 15 (Iowa 2005).

In the present case, the State claims Butler's search was a valid search incident to arrest. This exception allows a police officer "to search a lawfully arrested individual's person and the immediately surrounding area without a warrant." *United States v. O'Connell*, 408 F. Supp. 2d 712, 723 (N.D. Iowa 2005). A search incident to arrest is justified in order to remove any weapons and to prevent the concealment or destruction of evidence. *Id.*

Christopher claims the search incident to arrest exception is not applicable because his arrest was not lawful. *See State v. Thornton*, 300 N.W.2d 94, 95 (Iowa 1981) (stating "an illegal arrest will generally require suppression of any evidence seized pursuant to the arrest"). Christopher contends a warrantless arrest is lawful only if the officer arrests the individual within a reasonable amount of time after the officer observes the individual committing the offense. Because Butler had time to obtain

an arrest warrant, Christopher claims his warrantless arrest was unlawful.

However, whether the police officer had time to obtain an arrest warrant is irrelevant under the Fourth Amendment. *United States v. Watson*, 423 U.S. 411, 423–24, 96 S. Ct. 820, 828, 46 L. Ed. 2d 598, 609 (1976). The proper inquiry is whether the officer had probable cause to arrest: "[a] warrantless arrest of an individual in a public place for a felony, or a misdemeanor committed in the officer's presence, is consistent with the Fourth Amendment if the arrest is supported by probable cause." *Maryland v. Pringle*, 540 U.S. 366, 370, 124 S. Ct. 795, 799, 157 L. Ed. 2d 769, 774 (2003). Similarly, we have said " '[p]robable cause for a warrantless arrest is the constitutional criterion by which its legality is measured.' " *State v. Harvey*, 242 N.W.2d 330, 340 (Iowa 1976) (quoting *Pendergrast v. United States*, 416 F.2d 776, 783 (D.C. Cir. 1969)). We have never interpreted article I, section 8 of the Iowa Constitution to require anything more than probable cause to arrest in a public place and decline to do so here. A reasonable time requirement between the time the officer observed the offense and the warrantless arrest would require a case-by-case determination. *See Watson*, 423 U.S. at 423–24, 96 S. Ct. at 828, 46 L. Ed. 2d at 609. We do not find such a determination necessary to protect the rights of the accused. The primary purpose of an arrest "is to bring a suspect before a magistrate to answer a charge." *United States v. Moore*, 215 F.3d 681, 685 (7th Cir. 2000). Christopher's constitutional rights are adequately protected by the requirement that he be taken "without unnecessary delay" to the "nearest or most accessible magistrate." Iowa Code § 804.22. Thus, "[i]f there is probable cause to arrest a person, then a search of the person arrested and the area within the person's immediate control is lawful."

*State v. Freeman*, 705 N.W.2d 293, 298 (Iowa 2005); *see also Thornton*, 300 N.W.2d at 96–97 (holding arrest valid even though arrest warrant was invalid because there was probable cause for warrantless arrest).

Christopher does not deny the existence of probable cause to arrest him for driving while barred. *See Freeman*, 705 N.W.2d at 298 (stating probable cause exists " 'if the totality of the circumstances as viewed by a reasonable and prudent person would lead that person to believe that a crime has been or is being committed and that the arrestee committed or is committing it' " (quoting *State v. Bumpus*, 459 N.W.2d 619, 624 (Iowa 1990))). Instead, he focuses on several state court decisions interpreting warrantless arrest statutes to preclude any delay between witnessing the offense and the arrest. *See, e.g., Smith v. State*, 87 So. 2d 917 (Miss. 1956); *Oleson v. Pincock*, 251 P. 23 (Utah 1926). However, none of these cases are based on constitutional grounds. Moreover, our own statute does not require a warrantless arrest be made with reasonable promptness after the offense has been committed in the officer's presence. *See* Iowa Code § 804.7(1) (allowing an officer to make an arrest with or without a warrant "[f]or a public offense committed or attempted in the peace officer's presence"). Under our rules of statutory construction, we are obligated to apply the law as written. *In re Name Change of Reindl*, 671 N.W.2d 466, 469 (Iowa 2003). "We may not, under the guise of judicial construction, add modifying words to a statute or change its terms absent 'inadvertent clerical errors or omissions which frustrate the obvious legislative intent.' " *City of Asbury v. Iowa City Dev. Bd.*, 723 N.W.2d 188, 197 (Iowa 2006) (quoting *Schultze v. Landmark Hotel Corp.*, 463 N.W.2d 47, 49 (Iowa 1990)). There is nothing to suggest the legislature intended to restrict the authority of an officer making a warrantless arrest to a limited time frame.

Christopher argues officers should not be allowed to "save up an arrest" in order to "conduct an otherwise illegal search under the guise of search incident to arrest." There is nothing in the record to suggest Butler arrested Christopher under pretext—i.e., there is no suggestion Butler had ulterior motives for making the arrest when he did. In any event, whether a Fourth Amendment violation has occurred does not turn on the officer's actual state of mind or subjective motives. *See State v. Kubit,* 627 N.W.2d 914, 918-19 (Iowa 2001) (citing *Maryland v. Macon,* 472 U.S. 463, 470, 105 S. Ct. 2778, 2783, 86 L. Ed. 2d 370, 378 (1985)). Moreover, pretext is more appropriately addressed under due process. "[I]f the government delays filing charges to intentionally 'gain [a] tactical advantage over the accused,' the defendant's due process rights under the Fifth Amendment are implicated." *State v. Edwards,* 571 N.W.2d 497, 501 (Iowa Ct. App. 1997) (quoting *State v. Trompeter,* 555 N.W.2d 468, 470 (Iowa 1996)). Christopher does not contend the government acted intentionally to gain such tactical advantage.

## IV. Conclusion.

Christopher's warrantless arrest five weeks after an off-duty police officer observed him driving while barred did not offend the Fourth Amendment of the United States Constitution or article I, section 8 of the Iowa Constitution.

**DECISION OF COURT OF APPEALS AND JUDGMENT OF DISTRICT COURT AFFIRMED.**

All justices concur except Baker, J., who takes no part.