# IN THE COURT OF APPEALS OF IOWA

No. 12-0212
Filed July 30, 2014

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**GREGORY EARL JORDAN,**
     Defendant-Appellant.
_____

     Appeal from the Iowa District Court for Black Hawk County, Bruce B. Zager (motion to suppress), Thomas N. Bower (motion to dismiss), and James C. Bauch (trial), Judges.

     Defendant appeals his convictions for possession of cocaine with intent to deliver, failure to affix a drug tax stamp, disarming a police officer, and interference with official acts. **AFFIRMED.**

     Nathan W. Tucker, Davenport, for appellant.

     Thomas J. Miller, Attorney General, Tyler J. Buller, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Brad P. Walz, Assistant County Attorney, for appellee.

     Considered by Potterfield, P.J., McDonald, J., and Eisenhauer, S.J.* Bower, J., takes no part.

     *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**EISENHAUER, S.J.**

Defendant appeals his convictions for possession of cocaine with intent to deliver, failure to affix a drug tax stamp, disarming a police officer, and interference with official acts. He contends: (1) the district court should have granted his motion to suppress; (2) the district court should have granted his motion to dismiss on the ground he had been denied his right to a speedy trial; and (3) insufficient evidence supports his convictions for possession of a controlled substance (cocaine base) with intent to deliver and failure to affix a drug tax stamp. We affirm.

## I. Background Facts & Proceedings

Gregory Jordan was charged with possession of a controlled substance (cocaine base) with intent to deliver, failure to affix a drug tax stamp, disarming a peace officer, and interference with official acts causing bodily injury. The State also alleged Jordan was a habitual offender. He was arraigned on February 25, 2010. Jordan waived his right to trial within ninety days.

Jordan filed a motion to suppress evidence seized from his pocket. After a hearing, the district court determined a Waterloo police officer had obtained Jordan's consent to conduct a pat-down search. During the pat-down search the officer felt a hard lump in Jordan's jacket pocket, which the officer believed was a rock of crack cocaine. The officer attempted to arrest Jordan for public intoxication, but Jordan fled the scene. Officers quickly apprehended Jordan and arrested him. In a search incident to arrest, the officers found a large rock of crack cocaine in Jordan's pocket. The court denied the motion to suppress.

Jordan sought several continuances of the trial. He requested a competency evaluation. On October 29, 2010, the court suspended the criminal proceedings, pursuant to Iowa Code section 812.3 (2009), until an evaluation was conducted.

On March 31, 2011, Jordan filed a motion to dismiss the criminal charges because he had not been tried within one year after his arraignment, as required by Iowa Rule of Criminal Procedure 2.33(2)(c). The court denied the motion, finding Jordan's right to speedy trial was tolled under the provisions of section 812.4(1) until he was found competent to stand trial.

A competency evaluation was filed July 18, 2011, finding Jordan was competent to stand trial. The district court entered an order on August 4, 2011, ending the suspension and setting a trial date. Jordan then requested a mental evaluation for the purpose of exploring a defense of diminished responsibility. The case was again continued.

The jury trial commenced on November 1, 2011. The jury found Jordan guilty of possession of a controlled substance (cocaine base) with intent to deliver, failure to affix a drug tax stamp, disarming a peace officer, and interference with official acts. The court denied Jordan's motion for new trial and motion in arrest of judgment. Jordan was sentenced to a total of thirty years in prison. He now appeals.

## II. Motion to Suppress

Jordan contends the district court should have granted his motion to suppress. When a case concerns the constitutional right to be free from unreasonable searches and seizures, our review of the district court's ruling on a

motion to suppress is de novo. *State v. Watts*, 801 N.W.2d 845, 850 (Iowa 2011). "We make an independent evaluation of the totality of the circumstances as shown by the entire record." *Id.*

On appeal Jordan focuses on the pat-down search and the issue of whether he gave consent for the search. We note, however, no contraband was obtained from the pat-down search. While the officer conducting the pat-down search testified he "felt like a raw, hard lump, which I believed to be possible crack cocaine," the officer did not remove the item at that time.

After the pat-down search, the officer attempted to arrest Jordan for public intoxication. Jordan ran away, and officers pursued him. An officer used a taser on Jordan, but Jordan grabbed the taser away. It took several officers to subdue Jordan. Jordan was arrested for interference with official acts. After he was placed in handcuffs, he was searched, and officers located a rock of crack cocaine, cash, and a cell phone.

In general, a search conducted without a warrant is per se unreasonable under the Fourth Amendment. *Id.* Two of the exceptions to the warrant requirement are consent searches and searches incident to lawful arrest. *Id.* In a search incident to arrest, an officer may "search a lawfully arrested individual's person and the immediately surrounding area without a warrant." *State v. Christopher*, 757 N.W.2d 247, 249 (Iowa 2008). "A search incident to arrest is justified in order to remove any weapons and to prevent the concealment or destruction of evidence." *Id.* We conclude Jordan's Fourth Amendment rights were not violated when the officers conducted a search after he had been

arrested for interference with official acts. We affirm the decision of the district court denying the motion to suppress.

### III. Motion to Dismiss

Jordan claims the district court should have granted his motion to dismiss on the ground he had been denied his right to a speedy trial. He points out he was arraigned on February 25, 2010, and his trial was not held until November 1, 2011. Jordan asserts the prosecution against him should have been dismissed because he was not tried within one year as required by Iowa Rule of Criminal Procedure 2.33(2)(c). We review a district court's ruling on a motion to dismiss based on speedy-trial grounds for an abuse of discretion. *Ennenga v. State*, 812 N.W.2d 696, 707 (Iowa 2012).

If a court finds probable cause a defendant is mentally incompetent, under section 812.3(2) further criminal proceedings are suspended while the defendant is evaluated. Section 812.4(1) specifically provides while a hearing on the defendant's competency is pending, "no further proceedings shall be taken under the complaint or indictment and the defendant's right to a speedy indictment and speedy trial shall be tolled until the court finds the defendant competent to stand trial."

It was slightly over twenty months between the time Jordan was arraigned on February 25, 2010, and the trial, which commenced on November 1, 2011. Under the provisions of section 812, the proceedings were suspended from October 29, 2010, until August 4, 2011, when the court determined Jordan was competent to stand trial, a period of slightly over nine months. Thus, the time

Jordan's criminal case was pending, but not suspended, was eleven months.[1] Discounting the time Jordan's case was suspended, we determine his criminal trial was held within one year after he was arraigned. We conclude the court did not abuse its discretion in denying Jordan's motion to dismiss on speedy-trial grounds.

Jordan raises an argument on appeal asserting his constitutional rights were violated because his criminal proceedings were suspended for about nine months while the matter of competency was pending. He claims his due process, constitutional speedy trial, and Eighth Amendment rights were violated because he was held too long while awaiting a mental competency evaluation. This issue was not raised before the district court. We do not consider issues raised for the first time on appeal, even those of a constitutional dimension. *State v. Mitchell*, 757 N.W.2d 431, 435 (Iowa 2008). Therefore, we do not consider Jordan's constitutional claims in regard to his speedy trial rights.

## IV. Sufficiency of the Evidence

Jordan asserts the evidence does not support his convictions for possession of a controlled substance (cocaine base) with intent to deliver and failure to affix a drug tax stamp because there is insufficient evidence he had the intent to sell the crack cocaine found on his person. He claims the evidence only shows he had the drugs for personal use.

---

[1] According to our calculations, Jordan's case was pending for 613 days but was suspended for 279 days out of that period, leaving 334 days, which is thirty-one days less than one year of 365 days.

We review a district court's ruling on a challenge to the sufficiency of the evidence for the correction of errors at law. *State v. Showens*, 845 N.W.2d 436, 439 (Iowa 2014). The Iowa Supreme Court has stated:

> In reviewing challenges to the sufficiency of the evidence supporting a guilty verdict, courts consider all of the record evidence viewed in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence. We will uphold a verdict if substantial record evidence supports it.

*Id.* at 439-40.

We determine there is substantial evidence in the record to support Jordan's convictions. When he was arrested Jordan had 2.07 grams of crack cocaine, $210 in cash, a cell phone, and notebooks with names and numbers of people involved in the sale and distribution of illegal drugs. Officer Matthew McGeogh testified the crack cocaine could have been broken down into about twenty dosage units, and was "a large, very, very large rock for someone to buy it to ingest." Officer McGeogh testified, "You never see anyone that's a crack user to have this much on them." He noted Jordan did not have a crack pipe, or any other means to ingest crack cocaine, on him. Officer Adam Galbraith testified the rock of 2.07 grams of crack cocaine could have been split into between twenty to forty dosage units. He also testified the size of the rock of crack cocaine was not consistent with personal use.

We conclude the district court did not err in denying Jordan's motion for directed verdict, motion in arrest of judgment, and motion for new trial challenging the sufficiency of the evidence. We affirm Jordan's convictions.

**AFFIRMED.**