**IN THE COURT OF APPEALS OF IOWA**

No. 17-1262
Filed June 6, 2018

**STATE OF IOWA,**
       Plaintiff-Appellee,

**vs.**

**TANOR D. JIMMISON,**
       Defendant-Appellant.
_____

       Appeal from the Iowa District Court for Cass County, James M. Richardson

(motion to suppress) and Gregory W. Steensland (trial), Judges.


       Tanor Jimmison appeals his convictions for driving while barred and

operating while intoxicated. **AFFIRMED.**


       Joel Baxter of Wild, Baxter & Sand, P.C., Guthrie Center, for appellant.

       Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney

General, for appellee.


       Considered by Vogel, P.J., and Doyle and Bower, JJ.

**DOYLE, Judge.**

Tanor Jimmison appeals his convictions for driving while barred and operating while intoxicated. He contends the district court erred in denying his motion to suppress evidence obtained during and after an unlawful investigatory stop. He also contends his trial counsel provided ineffective assistance in several respects.

**I. Background Facts and Proceedings.**

On May 26, 2016, the following message was broadcast to law enforcement:

> All Officers, special attention Highway 71. Right now it's going to be between Clarinda and Atlantic. Attempt to locate a Black GMC Terrain, Iowa Plates 918 zebra, king, nora. . . . We have third-party caller advising of a female subject travelling with a male that she believes is on meth. All over the road. An updated location will be 71 and 92, its current location. Again it's 918 zebra, king, nora. Male subject on 10-200 on his way to Cedar Rapids for Court. Atlantic clear at 949.

Atlantic Police Officer Timothy Olsen located the vehicle in the parking lot of a Burger King in Atlantic. The officer observed the vehicle pull into one of the parking places before the driver, later identified as Jimmison, and passenger exited. Officer Olsen approached Jimmison, apprised him that law enforcement had received a complaint about his driving, and requested identification. Jimmison appeared "visibly upset with being in contact with law enforcement" and initially refused to give the officer his name. Officer Olsen informed Jimmison that "he was being detained for an investigation into the complaint" but that he was not under arrest. After Jimmison provided the officer with his name and date of birth, Officer Olsen learned Jimmison's driver's license was "barred."

Based on his observations of Jimmison's appearance and demeanor, Officer Olsen suspected Jimmison was under the influence of a drug and conducted field sobriety tests after transporting Jimmison to the jail. Although a preliminary breath test revealed Jimmison had no alcohol in his system, the field sobriety tests indicated Jimmison was impaired. Deputy Sheriff Bartholomew, a drug recognition expert, believed Jimmison was under the influence of a drug.

The State charged Jimmison with driving while barred and operating while intoxicated. Jimmison filed a motion to suppress, alleging his constitutional rights were violated because Officer Olsen did not have the reasonable suspicion necessary to justify the investigatory stop. The district court overruled the motion. After Jimmison agreed to a bench trial on the minutes of evidence, the district court found him guilty on both counts.

**II. Motion to Suppress.**

Jimmison challenges the denial of his motion to suppress the evidence. He argues Officer Olsen violated his constitutional right to be free of unlawful search and seizure when he initiated the investigatory stop based on an anonymous tip.

Our review is de novo, "which requires us to independently evaluate 'the totality of the circumstances as shown by the entire record.'" *State v. Steffens*, 889 N.W.2d 691, 695 (Iowa 2016) (quoting *State v. Pals*, 805 N.W.2d 767, 771 (Iowa 2011)). The burden is on the State to prove the stop did not violate constitutional protections. *See id.* at 695-96. "If the State fails to carry its burden, all evidence obtained from the . . . stop must be suppressed." *Id.* at 696 (quoting *State v. Vance*, 790 N.W.2d 775, 781 (Iowa 2010)).

An officer may initiate an investigatory stop where there is reasonable suspicion that a person is involved in criminal activity. *See id.* at 697. "[T]he State must prove by a preponderance of the evidence the officer had specific and articulable facts that, taken together with rational inferences from those facts, would lead the officer to reasonably believe criminal activity is afoot." *Vance*, 790 N.W.2d at 781. "The reasonable-suspicion standard 'is more than a hunch or unparticularized suspicion, but less demanding than showing probable cause.'" *Id.* (quoting *State v. King*, 867 N.W.2d 106, 123 (Iowa 2015)). It "can arise from information that is less reliable than that required to show probable cause." *State v. Kooima*, 833 N.W.2d 202, 206 (Iowa 2013) (quoting *Alabama v. White*, 496 U.S. 325, 330 (1990)).

"[W]hether an anonymous tip provides reasonable suspicion for an investigatory stop depends on the quantity and quality, or degree of reliability, of that information, viewed under the totality of the circumstances." *Id.* Our supreme court has observed that there are three common elements in cases in which an anonymous tip provided sufficient indicia of reliability to justify an investigatory stop:

> First, the tipster gave an accurate description of the vehicle, including its location, so the police could identify the vehicle. Next, the tipster based his or her information on personal, eyewitness observations made contemporaneously with a crime in progress that was carried out in public, identifiable, and observable by anyone. When a tipster relates personal observations consistent with drunk driving to the dispatcher, the caller's basis of knowledge is apparent. Finally, the caller described specific examples of traffic violations, indicating the report was more than a mere hunch. This lends to a greater likelihood the tip will give rise to reasonable suspicion. These three elements allow our courts and the police to determine whether an anonymous tip contains sufficient detail to permit a reasonable

inference the tipster had the necessary personal knowledge that a person was driving while intoxicated.

*Id.* at 208-09. In contrast,

a bare assertion by an anonymous tipster, without relaying to the police a personal observation of erratic driving, other facts to establish the driver is intoxicated, or details not available to the general public as to the defendant's future actions does not have the requisite indicia of reliability to justify an investigatory stop. Such a tip does not meet the requirements of the Fourth Amendment.

*Id.* at 210-11.

Jimmison argues the anonymous tip did not contain the necessary indicia of reliability to justify Officer Olsen's stop. We disagree. The caller provided an accurate description of the vehicle and its license plate number, and stated a belief that the driver was under the influence of methamphetamine. Furthermore, the tip provided more than bare assertion that Jimmison was impaired; the caller relayed that Jimmison's vehicle was "[a]ll over the road," indicating a personal observation of Jimmison's driving. Because the personal observation of erratic driving provides the requisite indicia of reliability to justify an investigatory stop, we affirm the denial of Jimmision's motion to suppress.

### III. Ineffective Assistance of Counsel.

Jimmison also asserts his trial counsel was ineffective in a number of respects:

Trial counsel failed to depose or interrogate the arresting officer regarding the nature of the investigatory stop and the absence of personal knowledge of the anonymous tipster. Trial counsel also failed to complete any investigation into any defenses [Jimmison] had regarding the results of the field sobriety tests. The record clearly indicates that [Jimmison] has several mental health and medical diagnoses which could have explained many of his reactions and behaviors during the field sobriety tests; and that [Jimmison] had advised law enforcement of those conditions and that he had had

prior incidents of field sobriety testing being disproven due to his medical condition, information and evidence which, had it been explored by trial counsel, would likely have changed the outcome of [Jimmison]'s trial. . . . Trial counsel was further ineffective in advising [Jimmison] to proceed with a trial on the minutes of testimony subsequent to having his motion to suppress evidence denied. Trial counsel was ineffective for not filing a motion in arrest of judgment. [Jimmison] is entitled to an evidentiary hearing as to whether he knowingly and intelligently waived his right to a trial by jury.

The State concedes the record is inadequate to resolve these claims. Accordingly, we preserve them for postconviction proceedings to allow for full development of the record. *See State v. Leckington*, 713 N.W.2d 208, 217 (Iowa 2006) ("Ineffective-assistance claims are generally reserved for postconviction relief actions in order to allow full development of the facts surrounding counsel's conduct.").

**AFFIRMED.**