# IN THE COURT OF APPEALS OF IOWA

No. 19-1217
Filed September 23, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ELVIN ALLEN SHRIMPTON,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Cass County, Gregory W. Steensland, Judge.

A defendant appeals the district court's denial of his motion to suppress. **AFFIRMED.**

Kevin Hobbs, West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., Schumacher, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**BLANE, Senior Judge.**

Elvin Allen Shrimpton appeals the district court's denial of his motion to suppress evidence. Because we find the deputy's search was incident to a lawful arrest, a recognized exception to the warrant requirement, we affirm.

## I. Background facts and procedure.

In November 2018, the owner of a rural property in Cass County north of Atlantic contacted the sheriff's office and reported that his son was back using drugs. The son and a number of his associates were staying on this property without permission. The sheriff's deputies recognized the names provided as suspected drug users. The property owner did not want anyone on the property, asked the sheriff to patrol the area, and gave the sheriff permission to enter the property to evict the trespassers. In addition, on November 6, a woman notified the sheriff's office that she had received Facebook messages from her boyfriend that he was being "held hostage" by an acquaintance, "Bridgette," and others at this same rural property. The woman provided copies of the messages to the deputy.

The Cass County Sheriff and several deputies proceeded to the rural property to investigate. There were several vehicles on the property. One vehicle was recognized as belonging to a person for whom there was an outstanding arrest warrant. Deputies knocked on the farmhouse door, and there was no answer. They proceeded to an outbuilding and heard noise coming from inside but found it locked. Deputy John Westering was listening at the door of a machine shed east of the house. He heard a door slam and suspected that someone had gone out the back door of the shed. He went around the side of the building to investigate

and came upon Shrimpton. Shrimpton did not initially notice Deputy Westering, who shouted to other deputies that he had found someone. At that point, Shrimpton looked at the deputy and, while continuing to walk away, unclenched his fist and dropped items onto the ground that landed near his feet. Deputy Westering walked over to Shrimpton and saw that some of the items Shrimpton dropped were burnt pieces of foil, which he recognized as drug paraphernalia. The deputy later explained that in his experience, foil is commonly used to smoke meth. The foil pieces were still warm when he picked them up.

Deputy Westering was familiar with Shrimpton. They had attended school together since junior high school. He knew Shrimpton had an extensive criminal record that included a history of assaults as well as convictions in 2005 and 2008 for manufacturing methamphetamine. Deputy Westering arrested Shrimpton and handcuffed him. While patting down the outside of Shrimpton's pocket, he felt what he could tell was a cigarette package, but it did not feel like it held cigarettes. It was "spongy and there was a resistance to it when [he] touched the back part. It did not come back." Deputy Westering pulled the package out of Shrimpton's pocket and saw that instead of cigarettes, it held a plastic bag containing approximately eighteen ounces of white crystalline substance that later tested positive for methamphetamine.

Shrimpton was charged with possession with intent to deliver methamphetamine, in violation of Iowa Code section 124.401(1)(b)(7) (2018), and as a habitual offender, in violation of Iowa Code sections 124.411 and 902.8. He filed a motion to suppress the methamphetamine found in the search claiming Deputy Westering violated his rights to be free from unreasonable searches and

seizures under the Fourth Amendment to the United States Constitution and the Iowa Constitution.[1]  Following a hearing on the motion, the district court ordered: "The Court finds this to be a search incident to arrest and not a DICKERSON V. MINNESOTA situation.  Motion to Suppress is denied."

Shrimpton filed a "Motion for Expanded Ruling and Request for Reconsideration of Ruling," which the court denied.  He then filed an "Application for Discretionary Review and Request for Stay" with the Iowa Supreme Court, which was denied.  Shrimpton waived a jury trial and stipulated to trial to the court on the minutes of evidence.  By order on June 4, 2019, the trial court found Shrimpton guilty as charged without the enhancement.  On June 24, the court sentenced Shrimpton to prison not to exceed twenty-five years, with a mandatory minimum of one-third pursuant to Iowa Code section 124.413(1).  Shrimpton appeals, solely challenging the ruling on the motion to suppress and the admission of the methamphetamine into evidence.

## II.     Standard of review.

"When a defendant challenges a district court's denial of a motion to suppress based upon the deprivation of a state or federal constitutional right, our standard of review is de novo."  *State v. Brown*, 930 N.W.2d 840, 844 (Iowa 2019).  "We examine the entire record and 'make an independent evaluation of the totality of the circumstances.'"  *Id.* (quoting *State v. Meyer*, 543 N.W.2d 876, 877 (Iowa 1996), *abrogated in part on other grounds by Knowles v. Iowa*, 525 U.S. 113, 115 (1998)).  "In doing so, we evaluate each case 'in light of its unique circumstances.'"

---

[1] Shrimpton's motion did not specify the analogous Iowa Constitution provision.

*Id.* (quoting *State v. Kurth*, 813 N.W.2d 270, 272 (Iowa 2012)). "The court gives 'deference to the factual findings of the district court due to its opportunity to evaluate the credibility of the witnesses, but [is] not bound by such findings.'" *State v. Pals*, 805 N.W.2d 767, 771 (Iowa 2011) (quoting *State v. Lane*, 726 N.W.2d 371, 377 (Iowa 2007)).

### III.    Discussion.

Shrimpton contends that the district court erred in denying his motion to suppress. He alleges that the search exceeded the scope of a lawful *Terry*[2] weapon search and that the officer lacked authority to make the arrest for a simple misdemeanor so that a search incident to arrest was not permitted. He also contends that the district court improperly admitted a prejudicial exhibit, the seized drugs, as part of its consideration of Shrimpton's motion to suppress the drugs.[3]

The Fourth Amendment to the United States Constitution and article I, section 8 of the Iowa Constitution protect persons against "unreasonable" searches and seizures. *Brown*, 930 N.W.2d at 846. The Iowa Supreme Court generally "interpret[s] the scope and purpose of the Iowa Constitution's search and seizure provisions to track with federal interpretations of the Fourth Amendment." *State v. Christopher*, 757 N.W.2d 247, 249 (Iowa 2008).

Warrantless searches are per se unreasonable if they do not fall within one of the well-recognized exceptions to the warrant requirement. *State v. Lewis*, 675 N.W.2d 516, 522 (2004); *State v. Legg*, 633 N.W.2d 763, 767 (Iowa 2001); *State*

---

[2] *Terry v. Ohio*, 392 U.S. 1 (1968).
[3] Since we find the trial court properly denied the motion to suppress, we find no need to address this issue.

*v. McGrane*, 733 N.W.2d 671, 676 (Iowa 2007). Those exceptions include: (1) consent search; (2) search based on probable cause and exigent circumstances; (3) search of items in plain view; or (4) search incident to a lawful arrest. *State v. Naujoks*, 637 N.W.2d 101, 107–108 (Iowa 2001). The State must prove by a preponderance of the evidence that a warrantless search falls within one of the exceptions. *Id.*

Shrimpton claims that the deputy's search did not fall within either the exception of a *Terry* search or a search incident to a lawful arrest. Searches incident to arrest are one of the recognized exceptions to the warrant requirement. *McGrane*, 733 N.W.2d at 676. A search incident to arrest "must be substantially contemporaneous with the arrest and confined to the immediate vicinity of the arrest." *Id.* at 676 (quoting *State v. Canas*, 597 N.W.2d 488, 492 (Iowa 1999), *abrogated on other grounds by State v. Turner*, 630 N.W.2d 601, 605 n.1 (Iowa 2001)). A search incident to arrest "allows a police officer 'to search a lawfully arrested individual's person and the immediately surrounding area without a warrant.'" *Christopher*, 757 N.W.2d at 249 (quoting *United States v. O'Connell*, 408 F. Supp. 2d 712, 723 (N.D. Iowa 2005)). "[A] search incident to an arrest need not be made *after* a formal arrest if it is substantially contemporaneous with it, *provided probable cause for the arrest existed* at the time of the search." *State v. Halverson*, No. 16-1614, 2017 WL 5178997, at *2 (Iowa Ct. App. Nov. 8, 2017) (alteration and emphasis in original) (citation omitted). "So long as probable cause for an arrest existed at the time of the search, evidence seized remains admissible pursuant to the search-incident-to-arrest doctrine." *Id.*

Specifically, Shrimpton argues that the search incident to arrest cannot apply, citing Iowa Code section 804.7, arguing it only allows an officer to make an arrest for an indictable public offense. Iowa Code section 804.7 provides that an officer is authorized to make an arrest without a warrant where the officer has reasonable grounds to believe an indictable public offense has been committed. Shrimpton's argument continues that since possession of drug paraphernalia[4] is a simple misdemeanor, it did not provide a lawful basis for Deputy Westering to arrest him and conduct the search.

Shrimpton's reliance on section 804.7 is misplaced. It applies when the officer has not personally witnessed the public offense. Rather, as the State properly points out, pursuant to Iowa Code section 804.7(1), the deputy was authorized to arrest Shrimpton for the public offense of possession of drug paraphernalia under subsection 1 of section 804.7. That section provides: "A peace officer may make an arrest in obedience to a warrant delivered to the peace officer; and without a warrant: 1. For a public offense committed or attempted in the peace officer's presence." Iowa Code § 804.7(1). Here, the evidence establishes that the public offense was committed in Deputy Westering's presence. *See State v. Ceron*, 573 N.W.2d 587, 592 (Iowa 1997) (finding officer had probable cause to make a warrantless arrest for violation of municipal ordinance prohibiting possession of drug paraphernalia). The deputy thus had a lawful basis to make an arrest and conduct a search of Shrimpton's person without a warrant.

---

[4] A person who knowingly or intentionally possesses drug paraphernalia commits a simple misdemeanor. *See* Iowa Code § 124.414(2)–(3).

**IV.    Conclusion.**

The search was constitutionally permitted, and the district court correctly denied Shrimpton's motion to suppress.  The methamphetamine found during the search was properly admitted as evidence.

**AFFIRMED.**