# IN THE COURT OF APPEALS OF IOWA

No. 24-0104
Filed October 30, 2024

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**MELVIN ALEXY CARDONA CARDONA,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Plymouth County, Daniel P. Vakulskas, Judge.

The defendant challenges the denial of his motion to suppress. **AFFIRMED.**

Debra S. De Jong, Orange City, for appellant.

Brenna Bird, Attorney General, and Joseph D. Ferrentino, Assistant Attorney General, for appellee State.

Considered by Greer, P.J., and Ahlers and Badding, JJ.

**GREER, Presiding Judge.**

Melvin Cardona Cardona appeals the denial of his motion to suppress.[1] He argues the warrantless stop of his vehicle was not supported by reasonable suspicion or probable cause, so his constitutional rights were violated. Following our de novo review, we conclude the stop was justified and affirm the decision of the district court.

**I. Background Facts and Procedures.**

Officer Logan Sparr was on duty at approximately 1:50 a.m. when he witnessed a white SUV awkwardly navigate a curve as it drove away from him—the SUV appeared to first "go[] straight and then jerk[] the wheel to get back on the right side of the road." The officer decided to follow the vehicle and, within one mile, observed it swaying inside the lane and then touching the left boundary line of the lane. Based on these observations, Officer Sparr initiated a stop of the vehicle, which Cardona Cardona was driving. After interacting with him, Officer Sparr placed Cardona Cardona under arrest for OWI.

Cardona Cardona filed a motion to suppress, which the State resisted. At the hearing that followed, Officer Sparr testified about his observations of Cardona Cardona's driving on the night in question and the State introduced dashcam footage from the officer's patrol car.

In its written ruling, the district court made findings of fact, specifically describing the driving behaviors of Cardona Cardona from the dashcam footage:

> [T]he State points to a few different instances of problematic driving behavior to support the conclusion that Officer Sparr had reasonable

_____

[1] After his motion to suppress was denied, Cardona Cardona agreed to a bench trial on the minutes and was found guilty of operating while intoxicated (OWI).

suspicion of criminal activity to initiate the traffic stop. The first instance is Defendant's navigation of the "S" curve. The video confirms the Defendant appears to correct his direction of travel; however, the Court would not describe it as a "jerk" of the wheel. The vehicle clearly changed directions, but appeared more fluid than any type of sudden movement. That movement alone would certainly not justify a traffic stop.

The Defendant continued traveling westbound and is observed on [the dashcam video] touching the yellow dotted center line as he approached the bridge. Directly after the bridge he can be observed . . . to drift close to and even appear to touch or graze the center line again. He activated his right turn signal and briefly weaved again before executing a right-hand turn into the [residential area].

Based on those facts, the district court concluded that because Officer Sparr observed "several different incidents of problematic driving, coupled with the time of night," that the stop was supported by reasonable suspicion of intoxicated driving. Cardona Cardona appeals.

## II. Standard of Review.

Because this controversy arises from an alleged violation of a constitutional right, we review the district court's denial of the motion to suppress de novo. *State v. Baker*, 925 N.W.2d 602, 609 (Iowa 2019). We make an "independent evaluation of the totality of the circumstances as shown by the entire record." *State v. Tague*, 676 N.W.2d 197, 201 (Iowa 2004) (citation omitted). We give deference to the trial court's findings regarding the credibility of the witnesses, but we are not bound by them. *Id.*

## III. Discussion.

"The Fourth Amendment to the United States Constitution and article I, section 8 of the Iowa Constitution protects persons from unreasonable searches and seizures." *State v. Reinders,* 690 N.W.2d 78, 81 (Iowa 2004). "Stopping an

automobile and detaining its occupants constitute a 'seizure' . . . even though the purpose of the stop is limited and the resulting detention quite brief." *Delaware v. Prouse,* 440 U.S. 648, 653 (1979). But stopping a vehicle and detaining the occupant is not an *unreasonable* seizure when the officer has either (1) probable cause due to observation of a traffic violation or (2) reasonable suspicion, supported by articulable facts, that a criminal act has occurred or is occurring. *Tague,* 676 N.W.2d at 201–04. The State has the burden to prove reasonable suspicion or probable cause existed to justify the stop. *See State v. Steffens*, 889 N.W.2d 691, 695–96 (Iowa Ct. App. 2016).

Here, Cardona Cardona challenges the district court's finding of facts and Officer Sparr's testimony of what he witnessed—he urges us to conclude the dashcam video shows he touched but did not cross the center line in just one instance and that, at most, he was "drifting" in his lane. He argues this is not enough to establish reasonable suspicion for the stop. *See Tague,* 676 N.W.2d at 205 (Iowa 2004) (concluding—after reviewing the totality of the circumstances—that an isolated instance of briefly crossing the roadway's edge line did not give an officer sufficient grounds to stop the vehicle).

But we agree with the district court. In watching the dashcam video, Cardona Cardona appears to leave his lane and drive through a turning lane as he navigates the curve. And then, while Officer Sparr followed the vehicle for less than a mile, Cardona Cardona twice drove with his left tires on the left boundary line. These actions, combined with the time of day, provide reasonable suspicion of intoxicated driving. *See State v. Bertrand*, No. 19-0250, 2019 WL 6894277, at *3 (Iowa Ct. App. Dec. 18, 2019) (collecting cases); *see also State v. Kreps*, 650

N.W.2d 636, 646 (Iowa 2002) ("Time of day is yet another factor that courts properly consider together with other suspicious circumstances in determining whether there are grounds for an investigatory stop.").  So, the stop was justified, and we affirm the denial of Cardona Cardona's motion to suppress.

**AFFIRMED.**