[No. 11705-7-III.   Division Three.   February 25, 1993.]

KAREN PATTEN, ET AL, *Appellants,* v. MYRLIN ACKERMAN, ET AL, *Respondents.*

832

*James K. Adams* and *Almon, Berg & Adams P.S.,* for appellants.

*Gary E. Lofland* and *Lofland & Associates,* for respondents.

THOMPSON, J. — Two former employees of A Rentals, Inc., appeal a partial summary judgment dismissing their employment discrimination claims. The trial court dismissed the claims on the basis their employer was Myrlin Ackerman, not A Rentals, Inc., and Myrlin Ackerman did not have the requisite number of employees to come within the purview of RCW 49.60 (Washington's Law Against Discrimination) and 42 U.S.C. § 2000e (Title VII of the Civil Rights Act of 1964). We reverse and remand for trial.

Karen Patten was employed by A Rentals, Inc., d.b.a. Budget Rent-A-Car in Yakima, from January 10, 1981, to June 30, 1989. Ms. Herrera was employed from January 26, 1988, to July 9, 1989. The stock of A Rentals, Inc., is owned by Myrlin Ackerman. Myrlin Ackerman is also the company's general manager and president. Paul Ackerman and Bradley Ackerman, his sons, became permanent employees of A Rentals, Inc., in 1965 and 1977, respectively. Wilma Ackerman, his wife, became an employee in 1976. During the period between October 1, 1986, and July 9, 1989, when the alleged discriminatory acts occurred, A Rentals, Inc., employed a total of 7 to 10 persons on a full- and part-time basis.

In October 1989, Ms. Patten and Ms. Herrera filed their action against Myrlin and Wilma Ackerman and A Rentals, Inc. They alleged causes of action for battery, assault, outrage and violations of RCW 49.60 and 42 U.S.C. § 2000e.

After defendants answered the complaint and initial discovery was completed, defendants moved for summary judgment dismissing plaintiffs' claims for outrage and violations of RCW 49.60 and 42 U.S.C. § 2000e. The trial court dismissed plaintiffs' RCW 49.60 and 42 U.S.C. claims. In doing so, it determined Myrlin Ackerman was plaintiffs' employer because A Rentals, Inc., was a "closely held corporation". It then determined that Myrlin Ackerman was not an employee because he was the sole shareholder and none of the Ackermans should be counted as employees because they were members of his family. Plaintiffs timely appealed the dismissal of their claims under RCW 49.60.[1]

■ In an appeal from an order granting summary judgment, review is de novo and we engage in the same inquiry as the trial court. *Wilson v. Steinbach*, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982). Summary judgment is appropriate only if there are no disputes as to material facts and the moving party is entitled to judgment as a matter of law. CR 56(c).

Plaintiffs first contend their employer was A Rentals, Inc., not Myrlin Ackerman. We agree.

■ An employer is defined in RCW 49.60.040 to include a corporation, other than a nonprofit religious or sectarian organization, which employs eight or more persons. A Rentals, Inc., is a private, for-profit Washington corporation. Although it may be characterized as "closely held", the Legislature has not expressly excluded closely held corporations from the statutory definition. To do so by judicial decree would be contrary to the purpose and liberal construction to be accorded RCW 49.60.[2] Disregarding the corporate status of A Rentals, Inc., would also be contrary to established

---

[1] Ms. Patten and Ms. Herrera have not assigned error to the dismissal of their claims under 42 U.S.C. § 2000e.

[2] RCW 49.60 is "an exercise of the police power of the state for the protection of the public welfare, health, and peace of the people of this state, and in fulfillment of the provisions of the Constitution of this state concerning civil rights". RCW 49.60.010. RCW 49.60 "shall be construed liberally for the accomplishment of the purposes thereof". RCW 49.60.020.

principles of corporate law. *See State v. Northwest Magnesite Co.*, 28 Wn.2d 1, 41, 182 P.2d 643 (1947) (the concentration of ownership in the hands of one or two principal shareholders does not, ipso jure, dispel the corporate characteristics of the organization); *Morgan v. Burks*, 93 Wn.2d 580, 587, 611 P.2d 751 (1980) (corporate entity should not be disregarded unless necessary to prevent the violation of a duty or unjustified loss to injured party). We hold that A Rentals, Inc., not Myrlin Ackerman, was the employer of Ms. Patten and Ms. Herrera as a matter of law.

We turn next to plaintiffs' contention that Myrlin Ackerman, Wilma Ackerman, and their sons were employees of A Rentals, Inc.

A Rentals, Inc., and Ackermans contend Myrlin Ackerman is not an employee under RCW 49.60 because he owns, manages and controls the corporation. They also contend that none of the other Ackerman family members are employees. They cite *EEOC v. Dowd & Dowd, Ltd.*, 736 F.2d 1177 (7th Cir. 1984), *Burke v. Friedman*, 556 F.2d 867, 869 (7th Cir. 1977), and WAC 162-16-160(18).

■ ■ There are no reported Washington cases which define who should be included or excluded as an employee in order to satisfy the eight or more employee requirement of RCW 49.60.040. Although it is clear from RCW 49.60.040 that the Legislature intended to exclude as employees any individual employed by his or her parents or spouse, we have already determined that A Rentals, Inc., not Myrlin Ackerman, was the employer. If further exclusions were intended, the Legislature would have so provided. *Phillips v. Seattle*, 111 Wn.2d 903, 908, 766 P.2d 1099 (1989) (because the statutory protections against discrimination are to be liberally construed, exceptions should be narrowly confined). We therefore hold that Ms. Ackerman and her sons are employees of A Rentals, Inc., as a matter of law.

■ We next consider whether Myrlin Ackerman ought to be considered an employee for purposes of RCW 49.60.040. The Human Rights Commission has adopted regulations to

implement RCW 49.60.[3] Although they are limited in application to *public agency enforcement* of RCW 49.60, we find them instructive.

WAC 162-16-160 states in pertinent part:

> (1) . . . This section implements RCW 49.60.040, which defines "employer" for purposes of the law against discrimination in part as "any person . . . who employs eight or more persons." This section establishes standards for determining who is counted as employed when deciding whether a person is an employer under the quoted language. . . .
>
> . . . .
>
> (17) **Officers.** Officers of corporations, and officers of other private or public artificial legal entities, will be counted unless:
> (a) They receive no pay from the corporation or other entity; and
> (b) They do not participate in the management of the corporation or other entity beyond participation in formal meetings of the officers.

The record shows that Myrlin Ackerman was the general manager of A Rentals, Inc., and received compensation for his services. Under WAC 162-16-160(17), he would not be excluded as an employee of A Rentals, Inc. The cases cited by Ackermans are not persuasive.[4]

We hold that Myrlin Ackerman, Wilma Ackerman, Paul Ackerman, and Bradley Ackerman were employees of A Rentals, Inc., for purposes of RCW 49.60.040 as a matter of law.

The sole remaining question is whether there were sufficient additional employees to bring the total to eight. Ms. Patten and Ms. Herrera alleged that discriminatory acts

---

[3]In addition to creating a private cause of action, RCW 49.60.050 establishes a state agency (the Human Rights Commission) and gives the agency general jurisdiction and power with respect to the elimination and prevention of discrimination. RCW 49.60.010.

[4]In *Dowd & Dowd, Ltd.*, shareholders of a professional service corporation were determined not to be employees under Title VII of the Civil Rights Act of 1964. However, application of WAC 162-16-160(19) would result in a contrary determination. WAC 162-16-160(19) states:
>    **Members of a professional service corporation.** All persons who render professional services for a professional service corporation will be counted as employees of the corporation.

As to Ackermans' reliance on *Burke*, the employer-defendant in *Burke* was a partnership, not a corporation.

occurred between October 1, 1986, and July 9, 1989. The affidavits reflect that during this period A Rentals, Inc., employed between 7 and 10 full- and part-time persons.

WAC 162-16-160(4) provides alternate methods for determining when an entity employs eight or more persons:

> (a) A person will be considered to have employed eight if the person *either*:
> (i) Employed eight or more persons for any part of the *day* on which the unfair practice is alleged to have occurred, or did occur; *or*
> (ii) Employed an average of eight or more persons over a representative period of time including the time when the unfair practice is alleged to have occurred.
> (b) The representative period of time for (a)(ii) of this subsection will ordinarily be the month during which the unfair practice is alleged to have occurred plus the preceding two months, but where this period will not accurately reflect the overall employment level, as in a seasonal industry, we will use the month during which the alleged unfair practice is alleged to have occurred plus the preceding eleven months.
> (c) An average of eight persons employed will be found for (a)(ii) of this subsection if:
> (i) The total hours worked by all employees during the examined period equals or exceeds sixty-four times the number of working days (the equivalent of eight persons working eight-hour days); or
> (ii) The total of all persons employed full time or part time during the period exceeds seven on more days than it is seven or less.

(Italics ours.)

█ The record on appeal is insufficient to determine whether eight or more persons were employed under subsection (a)(i) or (ii). We therefore remand the cause to the trial court. If, on remand, the trial court determines there were eight or more employees for any part of the day on which an unfair practice is alleged, RCW 49.60 applies to all alleged acts of discrimination. The trial court need engage in subsection (a)(ii) calculations only if A Rentals, Inc., did not employ eight or more persons on at least 1 day when an alleged discriminatory act occurred.

Since it appears that A Rentals, Inc., will satisfy the statutory definition of employer under RCW 49.60, we need not decide plaintiffs' contention that limiting the Law Against

Discrimination to entities employing eight or more persons violates the privileges and immunities clause.[5]

We reverse and remand for trial.

SHIELDS, C.J., and SWEENEY, J., concur.

Review denied at 122 Wn.2d 1004 (1993).

---

[5]A similar constitutional challenge was made in *Bennett v. Hardy*, 113 Wn.2d 912, 784 P.2d 1258 (1990), but the court found it unnecessary to decide the issue.