# IN THE SUPREME COURT OF IOWA

No. 28 / 05-1290

Filed May 11, 2007

**CHERYL C. WOODS**,

Appellant,

vs.

**STEVEN YOUNG, DEAN LERNER,
ROBERT GALBRAITH, DEPARTMENT OF
INSPECTIONS AND APPEALS, and
THE STATE OF IOWA**,

Appellees.

_____

On review from the Iowa Court of Appeals.


Appeal from the Iowa District Court for Polk County, Robert J. Blink, Judge.


Appeal from dismissal of cause of action for retaliatory discharge from employment. **DECISION OF COURT OF APPEALS AND JUDGMENT OF DISTRICT COURT AFFIRMED.**


Pamela J. Walker of Sherinian & Walker Law Firm, West Des Moines, for appellant.


Thomas J. Miller, Attorney General, and Jeffrey C. Peterzalek and John R. Lundquist, Assistant Attorneys General, for appellees.

**CADY, Justice.**

This appeal was brought after the district court dismissed the appellant's lawsuit for retaliatory discharge. We transferred the case to the court of appeals. The court of appeals affirmed the district court decision without an opinion under Iowa Rule of Appellate Procedure 6.24(1) and (4). We granted further review. Upon our review, we affirm the district court judgment.

### I.  Background Facts and Proceedings.

This lawsuit evolves from two prior lawsuits. In the first lawsuit, Cheryl Woods brought a small claims action against her employer, the State of Iowa, after it refused to reimburse her for expenses incurred in her employment. She recovered a judgment. In the second lawsuit, Woods sued the State for retaliatory discharge from employment. She alleged the State terminated her from her employment for pursuing the small claims action, in violation of Iowa's Wage Collection Act, Iowa Code chapter 91A (2003), and in violation of public policy derived from the prohibition under Iowa Code section 91A.10(5) against terminating an employee for bringing an action against an employer. The second lawsuit was terminated when the district court granted the State's motion to dismiss. The district court held chapter 91A did not create a private cause of action for an employee. It also held there was no common law action for wrongful discharge based on public policy derived from chapter 91A, and in particular section 91A.10(5). Woods did not appeal the district court's order and judgment.

Woods then filed the present action based on the same underlying facts. However, Woods alleged she was terminated from her employment contrary to the public policy as derived from a criminal statute, Iowa

Code section 720.4, prohibiting tampering with a witness. Woods claimed she was terminated due to the testimony and evidence she presented during the hearing in the small claims action.

The district court dismissed the action, and Woods filed this appeal. She claims the doctrine of res judicata does not preclude a second wrongful termination action after dismissal of the first wrongful termination action because the first dismissal was not based on the merits of her prior claim. Instead, she claims the lawsuit was dismissed because claims concerning discharge from employment under chapter 91A are required to be brought in district court by the labor commissioner, not by private parties. *See* Iowa Code § 91A.10(5) ("Any employee may file a complaint with the commissioner alleging discharge or discrimination within thirty days after such violation occurs."). Consequently, Woods claims the current lawsuit is a different claim than the first lawsuit because it is based on a private cause of action independent of chapter 91A, and is outside the doctrine of res judicata.

## II. Issue and Standard of Review.

"On further review, we can review any or all of the issues raised on appeal or limit our review to just those issues brought to our attention by the application for further review." *Anderson v. State*, 692 N.W.2d 360, 363 (Iowa 2005). The issue brought to our attention by Woods's application for further review is the same issue she presented in her original appeal and to the district court. The issue we must decide is whether the district court properly applied the doctrine of res judicata in granting the State's motion to dismiss.

We review a motion to dismiss for errors at law. *Crall v. Davis*, 714 N.W.2d 616, 619 (Iowa 2006). Thus, "we are not . . . bound by the

district court's legal conclusions or application thereof." *Wilson v. Ribbens*, 678 N.W.2d 417, 418 (Iowa 2004). However, if the district court made findings of fact in ruling on the motion, we are bound by those findings "so long as they are supported by substantial evidence." *Id.* Substantial evidence will generally support the findings if they were deduced from the pleadings. *Id.*

### III. Discussion.

The doctrine of res judicata requires the dismissal of this action. Although Woods could have initiated a complaint with the labor commissioner following her termination from employment, she chose to assert a right to a cause of action in district court based on the termination of her employment. Once she made this choice and invoked the jurisdiction of the district court, she was required to allege all theories of recovery to support the alleged wrong against her. An action between the same parties involving the same claim that has been adjudicated by the court is final as to all issues that could have been presented to the court. *Bennett v. M.C. No. 619, Inc.*, 586 N.W.2d 512, 516 (Iowa 1998) ("[A] final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action."). A party is not entitled to bring a second action simply by alleging a new theory of recovery for the same wrong. *Id.* Woods was required to allege her various theories, including her public policy theory under section 720.4, in the first action.

We conclude the district court properly dismissed Woods's current lawsuit. The prior action was an adjudication of the merits. *See* Iowa R.

Civ. P. 1.946 ("All dismissals not governed by rule 1.943 or not for want of jurisdiction or improper venue, shall operate as adjudications on the merits unless they specify otherwise."). Woods chose to pursue her prior claim independent of her right to file a complaint with the commissioner of labor, and the district court had subject matter jurisdiction to determine if Woods could bring the private cause of action she sought. *See Penn v. Iowa State Bd. of Regents*, 577 N.W.2d 393, 401 (Iowa 1998) (noting the doctrine of res judicata does not apply if subject matter jurisdiction was lacking in the previous action). The doctrine of res judicata was properly applied by the district court.

**DECISION OF COURT OF APPEALS AND JUDGMENT OF DISTRICT COURT AFFIRMED.**

All justices concur except Hecht and Appel, JJ., who take no part.