IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| JULIE MIKOLAJCZAK, an individual, | ) | No. 34824-5-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | PUBLISHED OPINION |
| BALBIR MANN d/b/a COLE'S CORNER | ) | |
| MARKET, a Washington Sole | ) | |
| Proprietorship, | ) | |
| | ) | |
| Petitioner. | ) | |

PENNELL, J. — The Washington Law Against Discrimination (WLAD),

chapter 49.60 RCW, provides a civil cause of action for workplace discrimination so long

as an employer has eight or more employees. An agency rule applicable to the WLAD

specifies that the employees of commonly managed corporations and other artificial

persons can be combined to reach the eight employee threshold. We are asked whether

this rule also allows employees of a sole proprietorship to be combined with those of a

commonly managed corporation or artificial person. Our answer is no.

A sole proprietorship is neither a corporation nor an artificial person. An individual doing business as a sole proprietor only can face WLAD liability if he or she is personally responsible for eight or more qualifying employees. The employees of a corporation or other artificial entity cannot be added to the sole proprietor's employees to meet this criterion. The trial court's ruling to the contrary is reversed.

## FACTS

Balbir Mann is a sole proprietor doing business as Cole's Corner Market in Chelan County, Washington. Mr. Mann employs a manager to oversee the day-to-day operations of Cole's Corner, but he is also personally involved in administrative functions such as payroll. Records indicate that at all times relevant to this litigation, Cole's Corner Market employed no more than seven persons.

Mr. Mann also owns 90 percent of the Mann Group LLC, with the remaining 10 percent owned by his son. This limited liability company does business as Sultan Chevron, a franchised gas station. Mr. Mann is solely responsible for managing the operations of the company.

Julie Zufall (f/k/a Julie Mikolajczak) worked for Cole's Corner Market in 2013. During Ms. Zufall's term of employment, she sustained a shoulder injury and her doctor placed her on physical restrictions. Her work at Cole's Corner ended shortly thereafter.

According to Ms. Zufall, her employment was terminated. Mr. Mann claims Ms. Zufall left voluntarily.

Ms. Zufall sued Mr. Mann alleging that, in addition to several other claims, he failed to provide a reasonable accommodation for her shoulder injury in violation of the WLAD. The parties filed cross motions for summary judgment. During the motions process, the parties took issue over whether Mr. Mann qualified as an employer under the WLAD, RCW 49.60.040(11), given the evidence that Cole's Corner Market never employed at least eight persons. Ms. Zufall argued Mr. Mann did qualify as an employer because the Cole's Corner employees could be combined with the employees of the Mann Group LLC under WAC 162-16-220(6) to reach the statutory requirement of eight employees.

The trial court ultimately issued a summary judgment order finding Mr. Mann qualified as an employer under the WLAD. No transcript exists of the summary judgment proceeding and the parties dispute the exact grounds for the trial court's ruling. What is clear is the trial court ruled as a matter of law that Mr. Mann had sufficient employees to qualify as an employer under RCW 49.60.040(11). Ms. Zufall's WLAD claim thus survived summary judgment. The trial court dismissed Ms. Zufall's other claims, but the parties agree that the trial court intended those claims be reinstated if her WLAD claim

3

failed.

Mr. Mann obtained discretionary review of the trial court's order and the matter was submitted to a panel of this court after oral argument.

ANALYSIS

We review an order on summary judgment de novo. *Lyons v. U.S. Bank Nat'l Ass'n*, 181 Wn.2d 775, 783, 336 P.3d 1142 (2014). Under this standard, we engage in the same inquiry as the trial court, viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Id.*

The WLAD prohibits an employer from firing an employee on the basis of disability. RCW 49.60.180(2). An "employer" is defined as "any person" who employs eight or more people. RCW 49.60.040(11). The WLAD's definition of "person" is broad and includes "individuals, partnerships, associations, organizations, corporations" among others. RCW 49.60.040(19). If an employer does not have eight or more employees, then that employer is exempt from the provisions of the WLAD. *See Griffin v. Eller*, 130 Wn.2d 58, 61, 63-64, 922 P.2d 788 (1996).

The legislature has authorized the Washington State Human Rights Commission (HRC) to promulgate rules for implementing the WLAD. RCW 49.60.120(3). One of the objectives of the HRC's rules is "[t]o give effect to the purposes of the exemption of

4

employers of less than eight from public enforcement of the law against discrimination, as identified in RCW 49.60.040." WAC 162-16-200(2)(c). Further, the HRC seeks to adopt rules that are "certain" and "easy to understand and apply." This occasionally requires the HRC to "simply draw a line, although reasonable persons could differ as to where the line should be drawn." WAC 162-16-200(2)(d).

Consistent with its purposes, the HRC has developed a rule to assist in the counting of employees. WAC 162-16-220(1). A person is typically considered an employee if the person appears on the employer's payroll documents during the time period in which the alleged discrimination occurred. WAC 162-16-220(2); *see also Anaya v. Graham*, 89 Wn. App. 588, 591-93, 950 P.2d 16 (1998) (referring to this as the "payroll method"). In addition to the payroll method, other subsections of WAC 162-16-220 may also be used for counting the number of employees. One of these other subsections is the primary issue in this appeal and provides:

> *Corporations and other artificial persons* that are in common ownership or are in a parent-subsidiary relationship will be treated as separate employers unless the entities are managed in common in the area of employment policy and personnel management. In determining whether there is management in common we will consider whether the same individual or individuals do the managing, whether employees are transferred from one entity to another, whether hiring is done centrally for all corporations, and similar evidence of common or separate management.

WAC 162-16-220(6) (emphasis added).

5

Ms. Zufall argued, and the trial court agreed, that this counting standard allows the combination of employees at Cole's Corner Market and the Mann Group LLC in order to reach the threshold number of eight employees.[1] Although Cole's Corner Market is a sole proprietorship, the trial court did not consider this a bar to application of WAC 162-16-220(6). Because Mr. Mann managed both Cole's Corner Market and the Mann Group LLC, the court determined the two entities should be treated as one employer for purposes of WLAD liability. We disagree with this analysis.

As is true of statutes, we interpret agency rules according to their plain meaning. *Hegwine v. Longview Fibre Co.*, 162 Wn.2d 340, 349, 172 P.3d 688 (2007). Each word in an agency rule must be given "its common and ordinary meaning, unless the word is ambiguous or defined in the regulation." *Grays Harbor Energy, LLC. v. Grays Harbor County*, 175 Wn. App. 578, 584, 307 P.3d 754 (2013). We liberally construe the terms of the HRC's rules to protect against discrimination. *Phillips v. City of Seattle*, 111 Wn.2d 903, 908, 766 P.2d 1099 (1989). However, we cannot engage in statutory or regulatory redrafting. *Hegwine*, 162 Wn.2d at 352. If a particular discrimination claim is plainly left uncovered by both the WLAD and the HRC's implementing rules, it will not merit relief.

---

[1] Because the trial court reached the merits of this issue, we need not address Ms. Zufall's arguments that this issue has not been preserved for review.

Neither the WLAD nor the HRC's implementing rules define what is meant by a "corporation" or "artificial person." However, the meaning of these terms is readily discerned. "A corporation is an artificial being, invisible, intangible, and existing only in contemplation of law." *Trs. of Dartmouth Coll. v. Woodward*, 17 U.S. (4 Wheat.) 518, 636, 4 L. Ed. 629 (1819); *see also Diaz v. Wash. State Migrant Council*, 165 Wn. App. 59, 76, 265 P.3d 956 (2011). An "artificial person" is "[a]n entity, such as a corporation, created by law and given certain legal rights and duties of a human being." BLACK'S LAW DICTIONARY 1325 (10th ed. 2014).

No matter how broadly one construes the term "corporation," the concept does not cover a sole proprietorship. A sole proprietorship is legally indistinguishable from its owner. *Bankston v. Pierce County*, 174 Wn. App. 932, 937, 301 P.3d 495 (2013). In other words, when it comes to this case, Cole's Corner Market and Balbir Mann are one and the same. Mr. Mann is personally responsible for the employees of Cole's Corner Market, just as he would be had he employed the same persons under his own name. This is fundamentally distinct from a corporation. An individual is not personally responsible for a corporation's employees even if the corporation is closely held. *Patten v. Ackerman*, 68 Wn. App. 831, 834-35, 846 P.2d 567 (1993).

7

Nor can a sole proprietorship qualify as an "artificial person." To the contrary, the two terms are mutually exclusive. Because a sole proprietorship is indistinguishable from a natural person, it cannot also be an artificial person. There is simply no manner of interpreting an artificial person to cover a sole proprietorship. Ms. Zufall fails to cite any authority stating otherwise.

Because a sole proprietorship is neither a corporation nor an artificial person, WAC 162-16-220(6) plainly does not apply to Ms. Zufall's employer, Cole's Corner Market. While there is evidence in the record that Mr. Mann managed both Cole's Corner Market and the Mann Group LLC, that evidence is irrelevant because the plain language of WAC 162-16-220(6) does not allow combining the employees of a sole proprietorship with those of other entities. Absent a determination to disregard the corporate form of the Mann Group LLC (and thereby attribute its employees directly to Mr. Mann), Cole's Corner Market only can qualify as an employer under the WLAD if it employs eight or more persons, or if the eight-person threshold can be achieved by combining the employees of Cole's Corner with other qualifying employees of Mr. Mann.

The trial court's order denying Mr. Mann's motion for summary judgment under the WLAD is reversed. Given the interlocutory nature of this appeal, no further relief is applicable. The parties shall direct all remaining matters to the trial court.

8

No. 34824-5-III
*Mikolajczak v. Mann*

## CONCLUSION

The trial court's summary judgment order, ruling Mr. Mann is an employer for purposes of the WLAD, is reversed. This matter is remanded for any further proceedings that may be applicable, consistent with this decision.

Pennell, J.

WE CONCUR:

Korsmo, J.

Siddoway, J.

9