# IN THE SUPREME COURT OF IOWA

No. 16–0558

Filed March 9, 2018

**JOANNE COTE,**

Appellee,

vs.

**DERBY INSURANCE AGENCY, INC.,** an Iowa Corporation,
and **KEVIN DORN,** Individually,

Appellants.

---

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Woodbury County, Jeffrey L. Poulson, Judge.

Employer seeks further review of court of appeals decision affirming district court ruling that corporation could not claim family-member exception to employee-numerosity requirement in Iowa Civil Rights Act. **DECISION OF COURT OF APPEALS AFFIRMED; DISTRICT COURT JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

Edward F. Pohren and Aaron F. Smeall of Smith, Slusky, Pohren & Rogers, LLP, Omaha, Nebraska, for appellants.

Jay E. Denne and Stanley E. Munger of Munger, Reinschmidt & Denne, LLP, Sioux City, for appellee.

**WATERMAN, Justice.**

In this appeal, we must decide whether a small business that incorporates thereby loses the family-member exception to the employee-numerosity requirement in the Iowa Civil Rights Act (ICRA). The ICRA does not apply to "[a]ny employer who regularly employs less than four individuals. . . . [I]ndividuals who are members of the employer's family shall not be counted as employees." Iowa Code § 216.6(6)(*a*) (2011). The plaintiff worked at a small insurance agency and alleges she was sexually harassed by her supervisor, the sole owner's husband. The defendant insurance agency, a subchapter S corporation, employed the owner and her husband, niece, and grandniece, as well as the plaintiff and another nonfamily member. The employer moved for summary judgment on the ICRA claims on grounds that it employed fewer than four individuals (not counting the family members). The district court denied summary judgment on that ground, ruling that a corporate employer is ineligible for the family-member exception. We granted the employer's application for interlocutory appeal and transferred the case to the court of appeals, which affirmed that ruling. We granted the employer's application for further review.

We hold that a corporation does not have family members and therefore cannot qualify for the family-member exception in section 216.6(6)(*a*). Accordingly, for the reasons explained more fully below, we affirm the decision of the court of appeals.

### I. Background Facts and Proceedings.

Patricia Georgesen started a small insurance business named Derby Insurance Agency (Derby), a subchapter S corporation, in 1991. She is the sole shareholder and president of Derby, which is located in Sioux City. Patricia married Kevin Dorn in 2000 and changed her last

name to Dorn. Both of them worked at Derby selling insurance. Kevin served as a manager and supervisor.

Joanne Cote began working for Derby as a customer service representative on May 6, 1998. She also performed administrative tasks, such as reconciling Derby's bank statements, ordering supplies, and training new employees. Cote considered both Patricia and Kevin to be her bosses. In 2003, Cote was promoted to office manager.

From November 2010 to October 2012, Derby employed the Dorns, Cote, and Patricia Strawn, who is Patricia Dorn's niece. Derby also employed Scott Delperdang until February 2012. After he left, Derby hired Candice Hunter, who worked for Derby until October 2012. Additionally, Jasmine Derby, Patricia Dorn's grandniece, worked part-time at Derby during the summer of 2012 to help with filing. During the eight weeks she worked there, Jasmine averaged twelve hours weekly. She was paid $10 per hour.

On October 10, 2012, Derby sold its assets, goodwill, and book of business to Derby Insurance Services, Inc. (Services). Derby ceased operating as an insurance agency. Cote began working for Services and continued to do so until March 19, 2014. Patricia Strawn also began working for Services and became the office manager.

Cote filed a complaint of discrimination with the Iowa Civil Rights Commission (ICRC) on April 10, 2013. Cote alleged that Kevin sexually harassed her and other female colleagues over a seven-year period. The ICRC issued Cote an administrative release on January 10, 2014. Cote filed a petition in district court on April 7, 2014, naming Derby and Kevin as defendants. Cote alleged claims for sex discrimination based on a

hostile work environment under the ICRA, Iowa Code chapter 216.[1] Cote later filed a motion to amend, which the court granted, and she filed an amended petition adding common law claims for assault and intentional infliction of emotional distress.

In December 2015, Derby and Kevin filed a motion for summary judgment against Cote, on grounds that the ICRA did not apply because Derby regularly employed fewer than four individuals, not counting Patricia Dorn's family members. Defendants also argued that Cote's claims were time-barred and that Cote's common law claims were preempted by the ICRA or unsupported by sufficient evidence to generate a jury question. Cote resisted the motion and supported her resistance with affidavit testimony that Kevin's misconduct continued within the limitations period.

The district court denied Derby's motion for summary judgment on the ICRA claims. The court ruled that the family-member exception contained in Iowa Code section 216.6(6)(*a*) does not apply to corporate employers and that Derby employed at least four employees during the relevant time. The district court found genuine issues of material fact as to whether there was misconduct actionable under the ICRA within the limitations period. The court granted a partial summary judgment on the common law tort claims as to conduct preceding April 7, 2012, as barred by the two-year statute of limitations in section 614.1(2). But the court declined to dismiss the assault and intentional infliction claims entirely, finding questions of fact precluded summary judgment. The district court did not decide whether the ICRA preempted the common law claims.

---

[1]Cote's petition initially included a retaliation claim against Services, but this claim was dismissed in November 2015.

Derby and Kevin filed an application for interlocutory appeal, which we granted. We transferred the case to the court of appeals. On appeal, Derby and Kevin argued that (1) the district court erred in ruling the family-member exception in section 216.6(6)(*a*) is not available to corporate employers, (2) the district court should have dismissed Cote's claims as untimely, (3) Cote's common law claims were preempted by the ICRA, and (4) Cote lacked sufficient evidence to generate a jury question on her common law claims.

The court of appeals concluded that "employer," as used in the phrase "members of the employer's family" in section 216.6(6)(*a*), is limited to "individuals" and, therefore, affirmed the district court's denial of summary judgment on that ground. The court of appeals also affirmed the district court ruling that fact questions precluded summary judgment on the limitations periods. The court of appeals concluded that the district court should have granted summary judgment on Cote's assault claim and therefore reversed on that issue. The court of appeals declined to reach the ICRA preemption claim. One judge dissented in part, concluding that Cote failed to raise a genuine issue of fact regarding harassment and intentional infliction of emotional distress within the statute of limitations. The dissent would have granted the defendants' motion for summary judgment, dismissing the ICRA and intentional infliction of emotional distress claims as time-barred.

Derby and Kevin applied for further review, which we granted.

**II. Standard of Review.**

We review a district court's ruling on a motion for summary judgment for correction of errors at law. *McQuistion v. City of Clinton*, 872 N.W.2d 817, 822 (Iowa 2015). "Summary judgment is properly granted when there is no genuine issue of material fact and the moving

party is entitled to judgment as a matter of law." *Id.* We view "the record in the light most favorable to the nonmoving party." *Id.* We review rulings on statutory interpretation for correction of errors at law. *Id.*

"On further review, we can review any or all of the issues raised on appeal . . . ." *Papillon v. Jones*, 892 N.W.2d 763, 769 (Iowa 2017) (quoting *Woods v. Young*, 732 N.W.2d 39, 40 (Iowa 2007)). We elect to limit our review to the issue of whether an incorporated employer qualifies for the family-member exception in Iowa Code section 216.6(6)(*a*). The court of appeals decision shall stand as the final decision on the other issues in this appeal. *See id.*

**III. Analysis.**

We must decide whether a corporate employer may claim the family-member exception to the numerosity requirement in section 216.6(6)(*a*). This is a question of first impression that turns on statutory interpretation. Derby argues that when the employer is a corporation, the family members of the sole owner should be considered the employer's family members. Cote, on the other hand, argues that because corporations are fictitious entities, *see Kerrigan v. Errett*, 256 N.W.2d 394, 396 (Iowa 1977), Derby cannot have family members. We conclude that as a matter of law, a corporation does not have "family members" for purposes of Iowa Code section 216.6(6)(*a*).

We begin with the statutory text. Section 216.6 prohibits various discriminatory employment practices. *See* Iowa Code § 216.6. However, as noted, the statute does not apply to "[a]ny employer who regularly employs less than four individuals. For purposes of this subsection, individuals who are members of the employer's family shall not be

counted as employees." *Id.* § 216.6(6)(*a*).[2] The four-employee threshold "is a merits-based element of proof required for liability, rather than a jurisdictional prerequisite." *Simon Seeding & Sod, Inc. v. Dubuque Human Rights Comm'n,* 895 N.W.2d 446, 458 (Iowa 2017).

The ICRA defines "employer" as "the state of Iowa or any political subdivision, board, commission, department, institution, or school district thereof, and every other *person* employing employees within the state." Iowa Code § 216.2(7) (emphasis added). "Person" is defined as "one or more individuals, partnerships, associations, corporations, legal representatives, trustees, receivers, and the state of Iowa and all political subdivisions and agencies thereof." *Id.* § 216.2(12). These statutory definitions, however, are qualified by the phrase "unless the context otherwise requires." *Id.* § 216.2. Accordingly, while it is clear that a corporation can be an "employer," it does not follow that section 216.6(6)(*a*)'s reference to "the employer's family" includes corporate employers. The fighting issue is whether corporations can have "family members" within the meaning of that provision.

We are to "construe[ the ICRA] broadly to effectuate its purposes." *Id.* § 216.18(1). "The ICRA was enacted 'to eliminate unfair and discriminatory practices in . . . employment' and 'correct a broad pattern of behavior rather than merely affording a procedure to settle a specific dispute.'" *Simon Seeding,* 895 N.W.2d at 462 (quoting *Renda v. Iowa Civil Rights Comm'n,* 784 N.W.2d 8, 19 (Iowa 2010)). "We strive to effectuate these purposes as we define the phrase 'regularly employs less

---

[2]Title VII has a numerosity requirement without a family-member exception. *See* 42 U.S.C. § 2000e(b) (2012) (defining "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person").

than four individuals.'" *Id.* Applying the family-member exception would give some family-owned small businesses a safe harbor for discriminatory conduct prohibited by the ICRA.

We are mindful that the legislature chose to exempt small employers from the ICRA to protect their freedom of association. *Baker v. City of Iowa City*, 750 N.W.2d 93, 101 (Iowa 2008) ("Iowa Code section 216.6(6)(*a*) reflects the legislature's intent to recognize and protect small employers' associational interests."). The legislature enacted the numerosity requirement in section 216.6(6)(*a*) when revising Iowa's civil rights statute in 1965. *Id.* The revisions were largely based on changes advocated by Professor Arthur Bonfield in his 1964 law review article. *Id.* (citing Arthur Bonfield, *State Civil Rights Statutes: Some Proposals*, 49 Iowa L. Rev. 1067 (1964) [hereinafter Bonfield]). We have looked to "this law review article as an expression of the rationale underlying the legislature's adoption of the suggested revisions." *Id.* The article advocated for the "enactment of an employment discrimination statute that included a small-employer exemption." *Id.* Professor Bonfield explained,

> Almost all fair employment practices acts exempt small employers, which are defined as employers with less than a specified number of employees. The general consensus seems to be that notions of freedom of association should preponderate over concepts of equal opportunity in these situations because the smallness of the employer's staff is usually likely to mean for him a rather close, intimate, personal, and constant association with his employees.

*Id.* (quoting Bonfield, 49 Iowa L. Rev. at 1109). Because the legislature adopted a small-employer exemption, as recommended in the Bonfield article, we concluded "that the legislature made the policy decision that 'freedom of association should preponderate over concepts of equal opportunity' in situations involving small employers." *Id.* We held that

"Iowa Code section 216.6(6)(*a*) reflects the legislature's intent to recognize and protect small employers' associational interests." *Id.*

Many family businesses in Iowa—including family farms—operate as corporations or limited liability companies. Clearly, the family members of a sole proprietor are not counted in determining whether the employer falls under the ICRA. So why count family members of the owner who chooses to incorporate his or her small business? The close-knit, small-group interpersonal dynamics at the office or farm do not change merely because a sole proprietor incorporates. The legislature may well have intended to exclude from the ICRA all businesses with fewer than four nonfamily-member employees whether incorporated or not, but we are bound by the text of the statute. *See* Iowa R. App. P. 6.904(3)(*m*) ("In construing statutes, the court searches for the legislative intent as shown by what the legislature said, rather than what it should or might have said."). We are not free to rewrite section 216.6(6)(*a*). We must defer to the legislature to amend that provision if it chooses to allow small incorporated employers to omit the owner's family members from the employees counted to determine whether the ICRA applies.

"In the absence of a legislative definition, we strive to give words their ordinary meaning." *Simon Seeding*, 895 N.W.2d at 461. In *Black's Law Dictionary*, "family" is defined as "[a] group of persons connected by blood, by affinity, or by law, esp[ecially] within two or three generations" or "[a] group consisting of parents and their children." *Family*, *Black's Law Dictionary* (10th ed. 2014). *Merriam-Webster* defines "family" as "a group of individuals living under one roof and usu[ally] under one head" or as "a group of persons of common ancestry." *Family*, *Merriam-*

*Webster's Collegiate Dictionary* (11th ed. 2014).[3]  We have never held that a corporation has family members.

We rely on the ordinary meaning of the phrase "individuals who are members of the employer's family" in Iowa Code section 216.6(6)(*a*) and hold that a *corporate* employer has no family members as employees. Our conclusion is reinforced by our precedent holding corporations do not have "family members" within the meaning of business insurance policies.  *See Huebner v. MSI Ins.*, 506 N.W.2d 438, 440–41 (Iowa 1993) (construing uninsured motorist policy and rejecting argument that policy's definition of insured, including "family members," extended coverage beyond the named insured, a corporation); *see also* 8A Steven Plitt et al., *Couch on Insurance* § 118:24, at 118-46 to -47 (3d 2014 rev. ed.) [hereinafter Plitt], ("When the named insured is a corporation, interpretation problems arise as to whom coverage extends if the policy includes . . . 'family members.'  Since a corporation is not an individual, the majority of jurisdictions find that ambiguity does not exist since no reasonable person can expect a corporation to . . . have family members.").[4]

---

[3]Because we hold Derby, a corporation, is ineligible for the family-member exception, we need not decide how broadly to define family members to determine, for example, whether a niece or grandniece is included under Iowa Code section 216.6(6)(*a*).  A contrary holding would also raise questions as to whose family members are not counted as employees when the corporate employer has multiple owners, officers, and directors.  Derby argues these issues are suited for case-by-case adjudication.  We resolve this case through a textual analysis of chapter 216, while noting Derby's proposed interpretation would raise myriad questions better resolved through legislative policy choices and resulting statutory amendments.

[4]This treatise recognizes that "[w]hen the named insured is a partnership, interpretation problems are less problematic since partners are individuals who can suffer injury and have families; however, differences in outcomes still exist since a partnership can be a separate legal entity."  8A Plitt § 118:24, at 118-47.  This case does not present the question of whether a partnership may claim the family-member exception under Iowa Code section 216.6(6)(*a*).

Derby relies on *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. ___, ___, 134 S. Ct. 2751, 2759 (2014), in which the United States Supreme Court held that a closely held for-profit corporation could claim religious beliefs protected by the Religious Freedom Restoration Act (RFRA). Significantly, the *Hobby Lobby* majority based its holding on the federal government's concession that nonprofit corporations enjoyed RFRA protection, and for that reason, the Court rejected the notion that the "corporate form" prevented Hobby Lobby and other for-profit corporations from claiming RFRA protection. *Id.* at 2769–70. We have no equivalent concession here. *Hobby Lobby* is not persuasive authority for the conclusion that a corporation can have family members within the meaning of Iowa Code section 216.6(6)(*a*).

Most states lack a family-member exception in the numerosity provision of their antidiscrimination statutes. We found no case holding a corporation can have family-member employees excluded from state statutory numerosity thresholds. A case on point supports Cote's position. The Washington Court of Appeals declined to apply that state's family-member exception to a corporation that employed its owner's family members. *Patten v. Ackerman*, 846 P.2d 567, 568–69 (Wash. Ct. App. 1993). The Washington antidiscrimination statute defined "employer" to include a corporation that employs eight or more persons but "exclude[d] as employees any individual employed by his or her parents or spouse." 846 P.2d at 569 (citing Wash. Rev. Code § 49.60.040. The *Patten* court concluded that the wife and sons of the owner of the corporation were employees of the corporation—not its owner personally—and, therefore, counted to meet the numerosity threshold. *Id.* We reach the same conclusion here. Patricia Dorn's family members were employed by Derby, not by Patricia individually.

Derby, a subchapter S corporation, cannot avail itself of the family-member exception in section 216.6(6)(*a*).

**IV. Disposition.**

For these reasons, we affirm the decision of the court of appeals and affirm the district court's rulings denying summary judgment on the ICRA claims and common law claim for intentional infliction of emotional distress. We reverse the district court ruling denying summary judgment on the assault claim for the reasons set forth by the court of appeals. We remand the case for further proceedings consistent with this opinion, including entry of summary judgment dismissing the assault claim.

**DECISION OF COURT OF APPEALS AFFIRMED; DISTRICT COURT JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**