# IN THE COURT OF APPEALS OF IOWA

No. 17-1060
Filed August 1, 2018

**LM CONSTRUCTION LLC,**
    Plaintiff-Appellant,

**vs.**

**ALTOONA HOSPITALITY LLC,**
    Defendant-Appellee.
_____


        Appeal from the Iowa District Court for Polk County, Mary Pat Gunderson,

Judge.



        A contractor appeals from the district court decision to strike an amended

resistance to summary judgment and grant of summary judgment on a petition to

foreclose a mechanic's lien.  **AFFIRMED.**



        Valerie A. Cramer of Cramer Law, PLC, Des Moines, for appellant.

        Elizabeth R. Meyer of Davis Brown Law Firm, Des Moines, for appellee.


        Considered by Vogel, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

LM Construction LLC (LM) appeals the district court's granting of summary judgment to Altoona Hospitality LLC (Altoona Hospitality). LM contends the district court erred by striking its amended resistance to summary judgment, and for finding LM improperly filed a mechanic's lien. We affirm.

### I.    Background Facts and Proceedings

LM is an Iowa limited liability company based in Des Moines Iowa. Altoona Hospitality is also an Iowa limited liability company with its principal office in Irving, Texas.

Altoona Hospitality owns real estate in Altoona, Iowa, and in August 2015, entered into a contract with DDG Construction, LLC (DDG), as general contractor to build a commercial hotel on the property. DDG subsequently hired ESC LLC d/b/a Empire Group (Empire) to work as a subcontractor on the project.

On October 28, 2015, Empire contracted LM to put up drywall in the hotel, including providing labor and materials.[1] LM's contract is specifically with Empire. In the contract with LM, Empire is designated as a general contractor and LM as subcontractor. LM claims to have started work the next day. LM states they mailed a notice in November to Altoona Hospitality regarding furnishing drywall, labor, and materials to the project and specifying the materials and labor were being provided to Empire. Altoona Hospitality states it never received the notice. LM states it

---

[1]   The contract between Empire and LM covered two properties. LM's work on the other property is the subject of the appeal in *LM Construction LLC v. HGIK Hospitality LLC*, No. 17-1255, also decided today.

completed the work on April 1, 2016, for $32,262 in labor and materials. LM submitted an invoice for the work, which was not paid.

According to LM, Altoona Hospitality, DDG, and Empire all failed to inform LM that that DDG was the general contractor for the project. At some point Empire appears to have been fired from the project. Altoona Hospitality, DDG, and Empire then all failed to inform LM that Empire had been released from its contract. Upon completion of work, LM placed a mechanic's lien as a subcontractor entitled to a lien under Iowa Code section 572.2 (2016), as it believed it was entitled to do. LM did not follow the more stringent section 572.33 requirements a sub-subcontractor must meet to place a mechanic's lien on a commercial construction property.

On April 14, 2016, LM filed a mechanic's lien for the full amount on the property, listing Empire as general contractor. The next day, LM filed an amended mechanic's lien, again for the full amount, against the property, this time listing DDG as general contractor. Both liens were filed on the Iowa Mechanic's Notice and Lien Registry.

On August 21, LM filed a petition to foreclose on the mechanic's lien against Altoona Hospitality and DDG. In December, LM filed an amended petition dropping the claim against DDG. On April 17, 2017, Altoona Hospitality moved for summary judgment. LM filed a timely resistance on May 2. LM filed amended documents in support of its resistance on May 17. On May 18, Altoona Hospitality moved to strike the amended documents. On May 22, the court held a hearing on the motion to strike and motion for summary judgment. On June 5, the court granted Altoona Hospitality's motion to strike. The court granted Altoona Hospitality's motion for summary judgment on June 9. LM appeals both orders.

## II.    Standard of Review

We review a district court's grant of summary judgment for correction of errors at law.  Iowa R. App. P. 6.907.  Summary judgment is proper when the moving party demonstrates there is no genuine issue of material fact and they are entitled to judgment as a matter of law.  *Cote v. Derby Ins. Agency, Inc.*, 908 N.W.2d 861, 864 (Iowa 2018).  An issue is genuine "if the evidence is such that a reasonable finder of fact could return a verdict or decision for the nonmoving party." *Parish v. Jumpking, Inc.*, 719 N.W.2d 540, 543 (Iowa 2006).  We also review the record in the light most favorable to the nonmoving party.  *Minor v. State*, 819 N.W.2d 383, 393 (Iowa 2012).

While we review the evidence in the light most favorable to the nonmoving party, the resisting party "may not rest upon the mere allegations of [their] pleading but must set forth specific facts showing the existence of a genuine issue for trial." *Hlubek v. Pelecky*, 701 N.W.2d 93, 95 (Iowa 2005) (citing Iowa R. Civ. P. 1.981(5)). Mere "speculation is not sufficient to generate a genuine issue of fact."  *Id.*

## III.   Merits

## A.    Motion to Strike

During the summary judgment process, LM timely filed a resistance to Altoona Hospitality's motion for summary judgment.  Fifteen days after the resistance, LM filed amended supporting documents for its resistance to summary judgment.  Altoona Hospitality filed a motion to strike LM's amended resistance to summary judgment as untimely.  The court granted the motion.

LM seeks to apply Iowa Rule of Civil Procedure 1.402 permitting amendments to pleadings as a matter of course.  However, pleadings are distinct

from motions. *See, e.g.*, *Poole v. Putensen*, 274 N.W.2d 277, 279 (Iowa 1979) ("[A] motion is not a pleading."). Rule 1.401 defines pleadings as

> a petition and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a cross-petition, if a person who was not an original party is summoned under the provisions of rule 1.246; and an answer to cross-petition, if a cross-petition is served.

A motion, on the other hand, is "an application made by any party or interested person for an order related to the action. It is not a 'pleading' . . ." Iowa R. Civ. P. 1.431(1). Rule 1.402 is specific to pleadings and does not apply to motions. Motions are not subject to amendment as a matter of course.

As the district court noted, LM's filings were required to comply with rule 1.981(3) for timing purposes. If LM wished to amend its resistance, the proper procedure would have been to file a motion to amend its resistance for the court to grant or deny. LM's amended resistance was not filed within the time frame set out in rule 1.981(3), and the court did not grant LM permission to amend.

We affirm the district court's order striking the amended resistance.

**B.    Summary Judgment**

LM alleges a factual question whether Empire was a general contractor or a subcontractor and claims this question should preclude summary judgment. The district court found, based on sworn statements from the President and CEO of DDG, that DDG was acting as the general contractor on the project with Empire as a subcontractor. Altoona Hospitality also produced the contract between DDG as general contractor and Empire as a subcontractor for the project, which predates the Empire–LM contract.

As the district court noted, because Empire was a subcontractor to general contractor DDG, Iowa Code section 572.33 controls mechanic's liens by contractors hired by Empire as sub-subcontractors. Under that section, any party furnishing labor or materials to a subcontractor cannot enter a lien without providing notice to the general contractor or owner-builder of the labor and materials which are being provided, by whom, and the subcontractor to whom the labor and materials are being furnished. Because LM furnished labor or materials to subcontractor Empire, LM is subject to the provisions of section 572.33.

LM claims no one informed LM that DDG, not Empire, was the general contractor within the statutory time frame—thirty days from first furnishing labor or materials—to allow LM provide the required notice. Currently, general contractors for commercial construction are not required to register the commencement of construction in the mechanic's notice and lien registry. *Cf.* Iowa Code § 572.13A (requiring residential construction general contractors provide notice in the registry within ten days of commencing work).

This claim shines a light on a gap in Iowa's mechanic's lien law leaving sub-subcontractors vulnerable to a lack of notice of the identity of a general contractor. However, we must apply the law as written. *See State v. Christopher*, 757 N.W.2d 247, 250 (Iowa 2008). The statute is clear and unambiguous. The statute does not include a trigger requirement of knowledge or imputed knowledge of the identity of the general contractor for section 572.33 to apply. *See* Iowa Code § 572.33. LM did not provide notice to the general contractor, DDG, within thirty days of commencing work, and so by statute is not entitled to a mechanic's lien.

At present, the proper remedy for LM's claim lies within contract and tort actions, not under the mechanic's lien law.

LM alternatively argues that Altoona Hospitality qualified as an owner-builder for purposes of section 572.33 notice. In particular, LM claims Altoona Hospitality and DDG have common ownership. The definition of an owner-builder for mechanic's liens includes specific requirements:

> the legal or equitable titleholder of record who furnishes material for or performs labor upon a building . . . or who contracts with a subcontractor to furnish material for or perform labor upon a building . . . and who offers or intends to offer to sell the owner-builder's property without occupying or using the structures, properties, developments, or improvement for a period of more than one year from the date the . . . property . . . is substantially completed or abandoned.

Iowa Code § 572.1(9). Altoona Hospitality does not meet these requirements. Common ownership of the owner and general contractor on a project is not sufficient to render the property owner an owner-builder.

Because Altoona Hospitality does not qualify as an owner-builder, the notice LM sent to Altoona Hospitality does not meet the requirements of Iowa Code 572.33.

We conclude LM has not followed statutory requirements to proceed under Iowa's mechanic's lien law. This is not to say that Empire, DDG, and Altoona Hospitality's actions do not give rise to a contract or tort remedy for LM, only that the requirements to foreclose via a mechanic's lien are not applicable here.

**AFFIRMED.**