# IN THE COURT OF APPEALS OF IOWA

No. 23-0643
Filed September 18, 2024

**CHAD REESE BENNETT,**
    Plaintiff-Appellant,

**vs.**

**JOSEPH MRSTIK, CITY OF PLEASANTVILLE, BRIAN BIGAOUETTE, and MARION COUNTY SHERIFF'S DEPARTMENT,**
    Defendants-Appellees.
_____

    Appeal from the Iowa District Court for Page County, Michael Hooper, Judge.


    Chad Bennett appeals the dismissal of this action for failing to timely serve the defendants. **AFFIRMED.**


    Chad R. Bennett, Clarinda, self-represented appellant.

    Zachary D. Clausen and Douglas L. Phillips of Klass Law Firm, L.L.P., Sioux City, for appellees Joseph Mrstik and City of Pleasantville.

    Jason C. Palmer and Theodore T. Appel (until withdrawal) of Lamson Dugan & Murray, LLP, West Des Moines, for appellees Marion County Sheriff's Department and Brian Bigaouette.


    Considered by Schumacher, P.J., and Ahlers and Langholz, JJ.

**AHLERS, Judge.**

While incarcerated in Iowa's prison system, Chad Bennett sued two law enforcement officers and their employers. He claimed the defendants violated his statutory and constitutional rights and he was damaged as a result. The defendants moved to dismiss Bennett's petition for failing to meet the deadline for service of original notice. The district court granted the defendants' motion and dismissed Bennett's lawsuit. In doing so, the court denied Bennett's request to order an alternative method of service. Bennett appeals.

## I.    Timeline of Events

Bennett's petition initiating this action was filed on July 18, 2022. Iowa Rule of Civil Procedure 1.302(5) required Bennett to serve the defendants with original notice of the suit within ninety days of filing the petition. On October 7—nine days before the ninety-day time limit expired—Bennett filed a motion asking for a sixty-day extension of the service deadline so he could find representation and amend his petition before serving original notice. On October 11, the district court granted an extension of thirty days from the date of its order.

On November 30—twenty days after the extended deadline for service expired—Bennett filed a statement explaining that he could not find an attorney, he sent original notice and directions for service to the clerk of court for signing and sealing on November 10, and he received the signed and sealed documents back on November 21. The statement further asserted that, on November 22 (the same date Bennett mailed the statement), Bennett mailed papers for serving the defendants to the Marion County Sheriff for the sheriff to serve but the prison had stopped mail service until November 28. The district court treated Bennett's

statement as a request for another extension and gave Bennett thirty more days from December 5 to serve the defendants.

None of the defendants had been served by January 6, 2023, so two defendants filed a motion that day seeking to dismiss Bennett's petition for failing to properly serve them. The other two defendants did the same on January 27.

On January 9, Bennett filed another statement regarding service. In that statement, Bennett represented that he had mailed the service documents to the Marion County Sheriff on November 28, 2022, and, when he received no return of service by December 19, he had someone contact the sheriff's office on his behalf. Bennett's statement reported that a person in the sheriff's office responsible for process service informed Bennett's contact person that the sheriff's office had not received the documents. Bennett's statement explained that he was suspicious of the claim that the sheriff's office had not received the documents, so on December 20, he once again sought to have original notices signed and sealed by the clerk's office, which he received back on December 30. He reported that on January 3, 2023, he mailed the documents to the Mahaska County Sheriff (a county contiguous to Marion County) to be served on the defendants in Marion County.

A hearing was set on the pending motions to dismiss. Three days before the hearing, Bennett filed a motion asking the court to direct the Mahaska County Sheriff to serve the defendants, or alternatively, that he be permitted to serve the defendants by mail or publication. In the motion, Bennett asserted that the documents he sent to the Mahaska County Sheriff for service were returned with

a letter stating that the Mahaska County Sheriff does not serve defendants outside of Mahaska County.

Following a hearing, the district court granted the defendants' motions, denied Bennett's motion, and dismissed Bennett's petition without prejudice. The court found that Bennett had not established good cause to justify another extension of time and that no authority supported Bennett's request that the court order the Mahaska County Sheriff to serve the defendants. Bennett appeals.

## II. Standard of Review

"We review the granting of a motion to dismiss for errors at law." *Askvig v. Snap-on Logistics Co.*, 967 N.W.2d 558, 560 (Iowa 2021) (citation omitted). In ruling on a motion to dismiss, the district court is generally bound by the facts alleged in the pleadings but may look outside the pleadings to address claims of failure to serve the defendants. *Rucker v. Taylor*, 828 N.W.2d 595, 598–99 (Iowa 2013). When the district court must make fact findings to rule on the motion to dismiss, we are bound by those findings if they are supported by substantial evidence. *Woods v. Young*, 732 N.W.2d 39, 41 (Iowa 2007). "Evidence is substantial if 'a reasonable mind would accept it as adequate to reach a conclusion.'" *Crall v. Davis*, 714 N.W.2d 616, 619 (Iowa 2006) (quoting *Bus. Consulting Servs., Inc. v. Wicks*, 703 N.W.2d 427, 429 (Iowa 2005)).

## III. Error Preservation

Before addressing the merits of Bennett's claims, we first address an issue of error preservation. Two defendants contend Bennett did not preserve error on his arguments that (1) his hearing impairment made obtaining service difficult such

that he had good cause for the delay in service and (2) good cause for delay existed because the defendants evaded service.

The hearing on the defendants' motions to dismiss was not reported, and Bennett made no effort to create a record of the hearing pursuant to Iowa Rule of Appellate Procedure 6.806. Bennett does not assert that the arguments made at the hearing preserve error, but even if he did, without a record of the hearing, we do not consider any issues or arguments he may have raised in the unreported hearing. *See In re F.W.S.*, 698 N.W.2d 134, 135–36 (Iowa 2005). But we do look to Bennett's resistances to the motions to dismiss to determine what issues are preserved for our review. Because those resistances cross-reference his motion to direct service, we look to that motion as well.

Neither Bennett's resistances nor his motion to direct service assert that Bennett's hearing impairment interfered with his efforts at service, and the district court did not address this issue. To get around this problem, Bennett suggests that the issue of his hearing impairment was before the court because he requested an interpreter for the hearing, so the court was aware of his condition. But the court's awareness of Bennett's hearing impairment is not the same as an argument that his hearing impairment constituted good cause for the delay in service. Bennett simply failed to raise the issue that his hearing impairment constituted good cause for the delay in service. As Bennett neither raised this issue nor secured a ruling on it, he has not preserved this claim for our review. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

As to Bennett's claim on appeal that the defendants' evasion of service constituted good cause for the delay, we recognize that Bennett's motion to direct service states that "being a defendant may cause Marion County Sheriff's Department to ignore the request for service." Although it may be a stretch, this statement is arguably enough to cause us to conclude Bennett raised the issue of whether defendants were evading service. But even if we assumed this statement raised the issue, the district court did not rule on it. The district court's failure to rule on this issue makes the issue unpreserved for our review. *See id.*

To try to avoid this error-preservation problem, Bennett points to the fact that he filed a motion to enlarge the district court's ruling under Iowa Rule of Civil Procedure 1.904(2).[1] Filing such a motion is one method for preserving error on an issue overlooked by the district court. *Id.* at 539. However, Bennett filed his notice of appeal before a ruling could be made on his motion. Filing a notice of appeal with the clerk of court divested the district court of its jurisdiction over the posttrial motion and prevented the court from ruling on the motion. *See Garrison v. New Fashion Pork LLP*, 977 N.W.2d 67, 81 (Iowa 2022). Without a ruling on the rule 1.904(2) motion, Bennett has failed to preserve error on the issue.

To avoid the consequences of the loss of jurisdiction from filing his notice of appeal prematurely, Bennett argues that the notice of appeal should not have been filed because he conditioned his notice on the failure of the filing of his motion to enlarge. Bennett cites no authority authorizing a conditional notice of appeal,

---

[1] Bennett's motion cites rule 1.904(3). Because subsection (3) discusses the timeliness of motions filed under subsection (2) and his motion was titled "Motion to Enlarge," we consider his motion to be made under rule 1.904(2).

and we are aware of none. Bennett argues he felt compelled to file his notice of appeal before the court ruled on his motion to enlarge just in case the motion to enlarge had not been filed and the clock for filing a notice of appeal was still running. While we understand Bennett had trouble keeping track of the status of his filings due to his incarceration, we do not apply the rules differently for incarcerated individuals or self-represented litigants. Aside from the seemingly normal delay in receiving confirmation of filing, he had no reason to believe his motion would not be filed. Up to that point, all his mail to the clerk's office had been received and all his documents filed. As Bennett caused the district court to lose jurisdiction to rule on his motion to enlarge by filing notice of appeal before securing a ruling on his motion, the motion did not preserve error on the issue of whether the claimed evasion of service by defendants constituted good cause for the delay in service.

Having determined that Bennett did not preserve error on his arguments that his hearing impairment or the defendants' alleged evasion of service constituted good cause for his delay in service, we do not address those issues. *See Meier*, 641 N.W.2d at 537. Instead, we turn to the two issues Bennett has preserved.

## IV.    Preserved Issues

Iowa Rule of Civil Procedure 1.302(5) provides the court with three options when the time for service has exceeded ninety days—dismiss the case without prejudice, direct an alternate time or manner of service, or extend the time for service. In this case, the district court dismissed the petition. Bennett argues the

district court should have chosen either of the other two options. We start with his claim the court should have extended the deadline for service.

## A. Extending Time Based on Good Cause for Delay in Service

If more than ninety days have passed without service on the defendants, the plaintiff must justify the delay to receive an extension of time for service. Iowa R. Civ. P. 1.302(5); *Crall*, 714 N.W.2d at 620. The failure to timely serve is justified if the plaintiff can show good cause. Iowa R. Civ. P. 1.302(5). In *Wilson v. Ribbens*, the Iowa Supreme Court explained that good cause for delayed service cannot be found unless the plaintiff has

> taken some affirmative action to effectuate service of process upon the defendant or ha[s] been prohibited, through no fault of his or her own from taking such an affirmative action. Inadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-hearted attempts at service have generally been waived as insufficient to show good cause.

678 N.W.2d 417, 421 (Iowa 2004) (cleaned up) (citation omitted).

The district court found that, while Bennett's incarceration made effecting service difficult, he could not demonstrate good cause for failing to obtain service within the deadline that had twice been extended. This finding is supported by substantial evidence, so we are bound by it. *See* Iowa R. App. P. 6.904(3)(a); *Crall*, 714 N.W.2d at 619.

Bennett waited until the original ninety-day time limit had almost expired before even asking for an extension, let alone attempting to serve the defendants. After obtaining an extension, he did not begin the process to serve the defendants until the day before the extension expired. This required another request for an extension, which the court granted. After receiving the second extension, Bennett

waited twenty-one days to check on the status of his mailing to the Marion County Sheriff. It was only when he was informed that his mailing had not been received that he finally started acting with diligence, but even then, he did not request another extension of time despite knowing his mailing to the Mahaska County Sheriff occurred only three days before the extended deadline.

Bennett's early neglect gave him little wiggle room when he ran into obstacles later. Despite the court's granting of two extensions, Bennett still did not manage to serve the parties by the February 2 hearing—199 days after filing his petition. Although his incarceration presented a challenge, the course of events shows a series of neglect and half-hearted attempts at service by Bennett. As a result, the district court's finding that Bennett failed to show good cause justifying his delay in service is supported by substantial evidence. Because Bennett failed to show good cause, the court was required to dismiss the action without prejudice, *see Crall*, 714 N.W.2d at 620, unless the court chose to direct an alternate time or manner of service. *See* Iowa R. Civ. P. 1.302(5).

### B.    Alternative Manner of Service

As his final preserved argument, Bennett contends the district court should have directed an alternate manner of service. Unlike allowing a plaintiff more time to serve the defendants, a court may direct an alternative method of service without first finding good cause. Iowa R. Civ. P. 1.302(5) (requiring a finding of good cause only if the court chooses to extend the time for service instead of dismissing the case without prejudice or directing an alternate manner of service). But the court must still find that the plaintiff could not have effected service under any method of service set out in rule 1.305. Iowa R. Civ. P. 1.305(14) ("If service cannot be made

by any of the methods provided by this rule, any defendant may be served as provided by court order, consistent with due process of law.").

The district court found that Bennett made no attempt to utilize other methods of service besides the sheriffs in Marion and Mahaska counties. This finding is supported by substantial evidence and is binding on us. *See* Iowa R. App. P. 6.904(3)(a); *Crall*, 714 N.W.2d at 619. Bennett does not contend that he tried any other method of service, such as having any person not a party to the action serve original notice. *See* Iowa R. Civ. P. 1.302(4). Bennett has failed to establish that service could not be attained by the methods provided in rule 1.305, so Bennett was not entitled to a court order directing an alternative method of service. The court did not commit error by denying Bennett's request to permit an alternative method of service.

## V. Conclusion

We find no error in the district court's decision to dismiss Bennett's lawsuit instead of granting him an additional extension of time to serve the defendants because Bennett failed to establish good cause for his failure to serve the defendants within the extended period granted to him. Likewise, we find no error in the court's decision to deny Bennett's request for an alternative method of service, as Bennett failed to establish that service could not be attained using methods of service provided for in rule 1.305. As a result, we affirm the district court's ruling.

**AFFIRMED.**